Richard J. Cooper, Esq.
Luke A. Barefoot, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the Foreign Representative
of Odebrecht S.A. and affiliated debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Odebrecht S.A.,<br><br>    Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12731 |
| In re:<br><br>Odebrecht Finance Ltd.,<br><br>    Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12732 |
| In re:<br><br>Odebrecht Participações e Investimentos S.A.,<br><br>    Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12733 |

| | |
|---|---|
| In re:<br><br>ODB International Corporation,<br><br>Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12734 |

### MOTION FOR AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE CHAPTER 15 CASES OF ODEBRECHT S.A. AND ITS DEBTOR AFFILIATES PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 1015(b)

Marcelo Rossini, the foreign representative ("Petitioner" or the "Foreign Representative") in the jointly-administered judicial reorganization (*recuperação judicial* or "RJ") proceeding (the "Brazilian RJ Proceeding") of Odebrecht S.A. ("ODB") and its affiliated debtors in these Chapter 15 Cases (collectively, the "Debtors") pending in the First Court of Bankruptcy and Judicial Recovery of the State of São Paulo (the "Brazilian Court") pursuant to Federal Law 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil"), by and through his undersigned counsel, respectfully submits this motion (the "Motion") seeking an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order") directing the joint administration of the Debtors' Chapter 15 Cases for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Petitioner respectfully represents as follows:[1]

---

[1] In further support of this Motion, the Petitioner relies upon and incorporates by reference: (i) the *Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517, and 1520* (the "Verified Petition"); (ii) the *Declaration of Eduardo Secchi Munhoz in Support of Verified Petition under Chapter 15 for Recognition of Foreign Main Proceeding* (the "Brazilian Counsel Declaration"); and (iii) the *Declaration of Marcelo Rossini in Support of Verified Petition under Chapter 15 for Recognition of Foreign Main Proceeding and First Day Pleadings* (the "Rossini Declaration"), all of which were filed concurrently herewith. Capitalized terms used but not otherwise defined shall have the meanings ascribed

2

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431 dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

## BACKGROUND

2.     The relevant factual background with respect to the relief sought in this Motion is set forth in the Verified Petition.  The Court may find therein a description of the Brazilian RJ Proceeding of the Debtors and certain of their affiliates, and the Debtors' activities, business, corporate and capital structures, and the circumstances leading to the commencement of the Brazilian RJ Proceeding.

## RELIEF REQUESTED

3.     By this Motion, the Petitioner seeks the entry of an order, substantially in the form of the Proposed Order annexed hereto as Exhibit A, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) directing the joint administration of the Debtors' Chapter 15 Cases for procedural purposes only.

## BASIS FOR RELIEF

4.     Bankruptcy Rule 1015(b) provides in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  As the Verified Petition makes clear, the Debtors are "affiliates" as that term is defined in the Bankruptcy Code (see 11

---

to such them in the Verified Petition.

U.S.C. §101(2)) and petitions for each of the Debtors have been filed with this Court. As such, "two or more petitions are pending" in this Court within the meaning of such phrase as used in Bankruptcy Rule 1015(b).

5.  Courts have granted joint administration in chapter 15 cases based solely upon Bankruptcy Rule 1015(b). See, e.g., In re OAS S.A., No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015), ECF No. 13; In re Aralco S.A. - Indústria e Comércio, No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015), ECF No. 9. As such, the Court has authority to enter this order pursuant to Bankruptcy Rule 1015(b).

6.  In addition to Bankruptcy Rule 1015(b), the Petitioner submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code. Section 105(a), made applicable in chapter 15 cases pursuant to section 103(a), permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). Section 105(a) "empower[s] 'the bankruptcy court to exercise its equitable powers to facilitate the implementation of other Bankruptcy Code provisions.'" Id. (internal quotations omitted) (citing Solow v. Kalikow (In re Kalikow), 602 F. 3d 82, 97 (2d Cir. 2010)); see also In re Fairfield Sentry Ltd., 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) only to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing Barbieri v. RAJ Acquisition Corp. (In re Barbieri), 199 F.3d 616 (2d Cir. 1999)).

7.  Joint administration of these cases is warranted because: (i) the Debtors' financial affairs and business operations are closely related; (ii) the Debtors are party to a single, jointly administered reorganization proceeding in Brazil; and (iii) the joint administration of the Chapter 15 Cases will ease the administrative burden of the Chapter 15 Cases on this Court and parties in

4

interest.

8. Moreover, granting the relief requested herein will limit the costs associated with the Chapter 15 Cases, resulting in savings that the Debtors can use for their continued operations and thus for the preservation of their going concern value. It will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files for each of the Debtors' cases. Importantly, the rights of creditors will not be affected by the joint administration of the Chapter 15 Cases, as this Motion requests consolidation for administrative purposes only.[2]

9. As such, the Petitioner respectfully requests that the caption of each of the Chapter 15 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>Odebrecht S.A., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 19-12731<br><br>(Jointly Administered) |
|---|---|

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht S.A., (Brazil – 01-72); Odebrecht Participações e Investimentos S.A., (Brazil – 01-00); Odebrecht Finance Ltd., (Cayman – 1323); and ODB International Corporation (Nassau - 8020 B).

10. The Petitioner also requests that the Court direct that the following statement be entered on the docket of each of the Debtors' Chapter 15 Cases to reflect their joint administration:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Odebrecht S.A.; Odebrecht Participações e Investimentos S.A.; Odebrecht Finance Ltd.; and ODB International Corporation. The docket of Odebrecht S.A. in Case No. 19-12731 should be consulted in all matters affecting or related to this case.

---

[2] On June 17, 2019 the Brazilian Court ordered the cases of the Debtors and certain of their affiliates (the "RJ Debtors") to be jointly administered.

## NOTICE

11.   The Petitioner requests that the Court grant this Motion without prior notice to creditors, as all material creditors of the Debtors are aware that the Brazilian RJ Proceeding is jointly administered in Brazil and, as noted above, the entry of the Proposed Order will not adversely affect the rights of any creditors because it is for administrative purposes only. The Petitioner, however, will serve notice of the signed order granting the relief requested herein to the parties set forth in <u>Exhibit G</u> to the Verified Petition.

## NO PRIOR REQUEST

12.   No previous motion for the relief sought herein has been made by the Petitioner to this Court or any other court.

## CONCLUSION

13.   WHEREFORE, the Petitioner respectfully requests that this Court: (i) enter an order, substantially in the form of the Proposed Order annexed hereto as <u>Exhibit A</u>, directing the joint administration of the Debtors' Chapter 15 Cases for procedural purposes only; and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: August 26, 2019
New York, New York

                    CLEARY GOTTLIEB STEEN & HAMILTON LLP

                    By: /s/ Luke A. Barefoot
                        Luke A. Barefoot

                    Richard J. Cooper, Esq.
                    Luke A. Barefoot, Esq.
                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                    One Liberty Plaza
                    New York, New York 10006
                    T: 212-225-2000
                    F: 212-225-3999
                    (lbarefoot@cgsh.com)

                    *Attorneys for the Foreign Representative of*
                    *Odebrecht S.A. and its affiliated debtors*

7