**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Odebrecht, S.A., et al.,[1] <br>         Debtors in a Foreign Proceeding | Chapter 15 <br><br> Case No. 19-12731 (SMB) <br><br> (Jointly Administered) |

**ORDER GRANTING RECOGNITION OF**
**FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF**

Upon the *Petitioner's Declaration* and *Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Related Relief pursuant to 11 U.S.C. §§ 1515, 1517, and 1520* (the "Verified Petition")[2] [ECF Nos. 2, 3] dated August 26, 2019, Marcelo Rossini (the "Petitioner" or the "Foreign Representative"), in his capacity as the duly-authorized foreign representative of the Brazilian RJ Proceeding (as defined below) of each of the above-captioned debtors (the "Debtors") requesting this Order (the "Order") (a) granting the Verified Petition and recognizing the jointly-administered judicial reorganization proceeding (the "Brazilian RJ Proceeding") pending before the First Court of Bankruptcy and Judicial Recovery of the State of São Paulo (the "Brazilian RJ Court") pursuant to Federal Law No. 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil") as the foreign main proceeding for all of the Debtors pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code"), and all relief included therewith as provided in section 1520 of the Bankruptcy Code; (b) recognizing the Petitioner as the foreign representative, as defined in

---

[1]     The Debtors in these chapter 15 cases (the "Chapter 15 cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht S.A., (Brazil – 01-72); Odebrecht Participações e Investimentos S.A., (Brazil – 01-00); Odebrecht Finance Ltd., (Cayman – 1323); and ODB International Corporation (Nassau - 8020 B).

[2]     Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Verified Petition.

section 101(24) of the Bankruptcy Code, of the Brazilian RJ Proceeding for each of the Debtors; and (c) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Verified Petition pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.) (the "Amended Standing Order"); and this being a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code; and venue for this proceeding being proper before this Court pursuant to section 1410 of title 28 of the United States Code; and this Court having reviewed (i) the Forms of Voluntary Petition, (ii) the Verified Petition, along with the exhibits annexed thereto, (iii) the *Declaration of Eduardo Secchi Munhoz Pursuant to 28 U. S.C. § 1746* (the "Brazilian Counsel Declaration") [ECF No. 4]; and upon the representation of Petitioner's counsel that there have been no formal objections to the Verified Petition, the informal objections have been resolved and the parties asserting informal objections consent to this form of order; and this Court having determined that the legal and factual bases set forth in the Verified Petition, the Brazilian Counsel Declaration, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein; and after notice and a hearing and due deliberation thereon;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

    A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the

extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

C. The Petitioner is the duly appointed "foreign representative," within the meaning of section 101(24) of the Bankruptcy Code, of the Brazilian RJ Proceeding with respect to each of the Debtors.

D. These Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(4), 2002(q) and 7007.1, and Rules 2002-4 and 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

F. The Brazilian RJ Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

G. The Brazilian RJ Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H. The COMI of each of the Debtors is in Brazil. Accordingly, the Brazilian RJ Proceeding is the "foreign main proceeding" of each of the Debtors, as that term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

3

      I.    The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Debtors, their creditors and other parties in interest.

      J.    Appropriate notice of the filing of and the Hearing on the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

For all of the foregoing reasons, and for the reasons stated by the Court at the Hearing and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Verified Petition is granted to the extent indicated herein.

2.    The Petitioner is the duly appointed foreign representative of the Brazilian RJ Proceeding with respect to each of the Debtors, within the meaning of section 101(24) of the Bankruptcy Code, and is authorized to act on behalf of each of the Debtors in these Chapter 15 Cases.

3.    The Brazilian RJ Proceeding is granted recognition as the foreign main proceeding of each of the Debtors pursuant to section 1517 of the Bankruptcy Code.

4.    All relief and protection afforded foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Brazilian RJ Proceeding, the Debtors, the Debtors' property located in the United States, and the Petitioner, as applicable. Section 362 of the Bankruptcy Code (the "<u>Automatic Stay</u>") shall apply with full force and effect with respect to each of the Debtors and its property within the territorial jurisdiction of the United States, including without limitation that certain litigation pending in the United States District Court for

the Southern District of New York involving Debtor Odebrecht S.A. and DoubleLine Capital LLP captioned <u>DoubleLine Capital LLP et al. v. Odebrecht Finance Ltd. et al.</u>, Case No. 17-04576; provided however, that the Automatic Stay shall not apply to and, to the extent necessary, is hereby lifted with respect to (i) that certain arbitration proceeding involving Debtor Odebrecht S.A. and José Carlos Grubisich currently pending with the International Centre for Dispute Resolution, Case No. 01-19-0001-3512 (the "<u>Arbitration</u>") and (ii) that certain litigation pending in the United States United States District Court for the Southern District of New York involving Debtors Odebrecht S.A. and Odebrecht Finance Ltd. and the Washington State Investment Board, captioned <u>Washington State Investment Board v. Odebrecht S.A., et al.</u>, Case No. 17-cv-08118 (the "<u>Securities Litigation</u>"), in each case for the sole purpose of liquidating and reducing their claims to, in the case of the Securities Litigation, a final judgment (including applicable appeals) or, in the case of the Arbitration, an award; provided, further however, that no action may be taken against any Debtor within the territorial jurisdiction of the United States to collect on, confirm or otherwise enforce any award or judgment issued against any Debtor in the Arbitration or the Securities Litigation, without first obtaining further leave of this Court on no less than 21 days' notice. All parties and Debtors reserve their respective rights and defenses to seek further modification of or relief from the stay granted pursuant to Section 1520 and this Order from the Bankruptcy Court on no less than 21 days' notice in order to seek to confirm or vacate any award entered in the Arbitration as the case may be. For the avoidance of doubt, the Automatic Stay granted pursuant Section 1520 does not stay the Securities Litigation against any non-Debtor party for any purpose absent further order of this Court after notice and a hearing.

5. Notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered and may in his discretion and without further delay take any action and perform any act necessary to implement and effectuate the terms of this Order.

6. A copy of this Order, confirmed to be true and correct, shall be served by the Petitioner within seven business days of entry of this Order by facsimile, electronic mail or overnight express delivery on the Notice Parties, and such service shall be good and sufficient service and adequate notice for all purposes.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, enforcement, amendment or modification of this Order.

Dated: **September 18, 2019**
New York, New York

                                                **/s/ STUART M. BERNSTEIN**
                                                UNITED STATES BANKRUPTCY JUDGE