**<u>Exhibit  B</u>**

**ODBIC Plan and Certified Translation**

**PLANO DE RECUPERAÇÃO JUDICIAL**

**ODB INTERNATIONAL CORPORATION**

31 de março de 2020

# PLANO DE RECUPERAÇÃO JUDICIAL

**ODB INTERNATIONAL CORPORATION**, sociedade existente e constituída de acordo com as leis de Bahamas, com sede em Nassau, na MB&H Corporate Services Ltd., Mareva House, 4 George Street, registrada sob o nº 138020 B ("ODBIC" ou "Recuperanda"), apresenta, nos autos do seu processo de recuperação judicial, autuado sob nº 1057756-77.2019.8.26.0100, em curso perante o D. Juízo da 1ª Vara de Falências e Recuperações Judiciais do Foro Central Cível da Comarca da Capital de São Paulo ("Recuperação Judicial"), o seguinte Plano de Recuperação Judicial ("Plano"), em cumprimento ao disposto no artigo 53 da Lei nº 11.101/2005 ("LFR").

## CONSIDERANDO QUE:

**(i)**      a Recuperanda é parte do grupo Odebrecht, um dos maiores conglomerados empresariais do País, com atuação nos setores de infraestrutura, óleo e gás, sucroalcooleiro, incorporação imobiliária, mobilidade e transporte, energia, defesa e serviços navais, reunindo diversas sociedades sob controle comum (direto ou indireto) da Kieppe Participações e Administração Ltda. – Em Recuperação Judicial, com atividades desenvolvidas em inúmeras localidades do território nacional e em 27 países correspondendo a uma das maiores empresas brasileiras, nos seus segmentos de atuação ("Grupo Odebrecht");

**(ii)**     a Recuperanda é uma das sociedades do Grupo Odebrecht responsáveis pela obtenção de recursos no mercado financeiro internacional, por meio da emissão de diferentes tipos de dívida

**(iii)**    para o exercício de suas atividades e para proporcionar o crescimento do Grupo Odebrecht, a Recuperanda, com as demais sociedades que integram o polo ativo da Recuperação Judicial ("Requerentes"), estruturaram-se para viabilizar a captação de recursos junto ao mercado financeiro e de capitais brasileiro e internacional, por meio da contratação de financiamentos bancários, garantias bancárias, seguros-garantia e emissão de títulos de dívida no mercado local (debêntures) e no mercado internacional (*bonds*); para tanto, a Recuperanda e as Requerentes atuaram de forma eficiente e coordenada, como financiadoras, garantidoras e contra-garantidoras das referidas operações financeiras;

2

**(iv)**    diante das dificuldades financeiras enfrentadas pela Recuperanda e pelas Requerentes, as quais foram agravadas por ataques de determinados credores, e com o intuito de assegurar a função social da Recuperanda e das Requerentes, bem como preservar os postos de trabalho e sua capacidade produtiva e de estímulo à economia, em 17.06.2019, foi apresentado pedido de Recuperação Judicial;

**(v)**    em atenção aos despachos de fls. 278/285 e 355/363, proferidos respectivamente no âmbito dos Agravos de Instrumento nº 2262371-21.2019.8.26.0000 e 226277-73.2019.8.26.000, os Credores Concursais da Recuperanda deliberaram, em sede de assembleia geral de credores, pela não-consolidação substancial da Recuperanda com as demais Requerentes, de modo que o presente Plano é composto exclusivamente pelos ativos e passivos de sua titularidade; e, por fim

**(vi)**    em cumprimento à decisão de deferimento do processamento da Recuperação Judicial e aos requisitos do art. 53 da LFR, este Plano apresenta os meios de recuperação almejados pela Recuperanda, bem como demonstra a sua viabilidade econômica, por meio dos Laudos, conforme abaixo definido, sendo certo que este Plano reflete as negociações mantidas com a coletividade de credores da Recuperanda;

A Recuperanda apresenta este Plano ao Juízo da Recuperação, nos termos e condições a seguir.

## 1.    DEFINIÇÕES E REGRAS DE INTERPRETAÇÃO

**1.1.    Definições:** Os termos utilizados neste Plano têm os significados definidos abaixo. Tais termos definidos serão utilizados, conforme apropriado e aplicável, na sua forma singular ou plural, no gênero masculino ou feminino, sem que, com isso, percam o significado que lhes é atribuído.

1.1.1. "Ações Judiciais ou Procedimentos Arbitrais": são os processos judiciais de natureza trabalhista ou cível, ajuizados contra a Recuperanda, ou os procedimentos arbitrais que envolvem a Recuperanda, e que versam sobre relações jurídicas que, em razão da sua causa de pedir, irão originar Créditos Concursais que constarão da Lista de Credores.

1.1.2. "Administrador Judicial": é a Alvarez & Marsal Administração Judicial Ltda., inscrita no CNPJ/ME sob nº 07.016.138/0001-28, com endereço na Rua Surubim, 577, 9º andar, Brooklin Novo, CEP 04571-050, na Cidade e Estado de São Paulo, ou quem a substituir.

3

1.1.3. "Afiliadas": significa, com relação a qualquer pessoa, qualquer pessoa direta ou indiretamente mantida, Controladora, Controlada ou sob Controle comum.

1.1.4. "Aniversário": é a data que corresponde ao 365º (trecentésimo sexagésimo quinto) dia após a Data de Homologação Judicial do Plano.

1.1.5. "Aprovação do Plano": é a aprovação deste Plano pelos Credores Concursais da Recuperanda reunidos na Assembleia de Credores designada para deliberar sobre ele. Para os efeitos deste Plano, considera-se que a Aprovação do Plano ocorre na data da Assembleia de Credores em que ocorrer a votação do Plano, desde que seja posteriormente homologado judicialmente nos termos do artigo 58, § 1º, da LFR.

1.1.6. "Assembleia de Credores": é qualquer assembleia geral de credores da Recuperanda, realizada no âmbito desta Recuperação Judicial, nos termos do Capítulo II, Seção IV, da LFR.

1.1.7. "Código Civil": é a Lei Federal n.º 10.406, de 10 de janeiro de 2002.

1.1.8. "Código de Processo Civil": é a Lei Federal n.º 13.105, de 16 de março de 2015.

1.1.9. "Controle": significa, nos termos do art. 116 da Lei das SA, (i) a titularidade de direitos de sócios que assegurem ao seu titular, de modo permanente, a maioria dos votos nas deliberações sociais e o poder de eleger a maioria dos administradores da sociedade; e (ii) o uso efetivo de tal poder para dirigir as atividades sociais e orientar o funcionamento dos órgãos da sociedade. As expressões e termos "Controlador", "Controlado por", "sob Controle comum" e "Controlada" têm os significados logicamente decorrentes desta definição de "Controle".

1.1.10. "Créditos": são os créditos e obrigações, materializados ou contingentes, líquidos ou ilíquidos, objeto de ação judicial/administrativa/arbitragem iniciada ou não, que estejam ou não relacionados na Lista de Credores da Recuperanda, sejam ou não sujeitos à Recuperação Judicial.

1.1.11. "Créditos com Garantia Real": são os Créditos Concursais existentes em face da Recuperanda garantidos por direitos reais de garantia (v.g., penhor e hipoteca), nos termos

4

do artigo 41, inciso II, da LFR, até o limite do valor do bem gravado, existentes na Data do Pedido, conforme valores atribuídos na Lista de Credores.

1.1.12.    "Créditos Concursais": são os Créditos Trabalhistas, Créditos com Garantia Real, Créditos Quirografários e Créditos ME/EPP e demais Créditos, sujeitos à Recuperação Judicial e que, em razão disso, podem ser reestruturados por este Plano, nos termos da LFR, incluindo eventuais Créditos que sejam reconhecidos à Recuperação Judicial no âmbito de habilitações ou impugnações de crédito.

1.1.13.    "Créditos Extraconcursais": são os Créditos detidos contra a Recuperanda: (i) cujo fato gerador seja posterior à Data do Pedido; (ii) derivados de contratos celebrados até a Data do Pedido que não se submetem aos efeitos deste Plano de acordo com o artigo 49, §§ 3º e 4º, da LFR, tais como, alienações fiduciárias em garantia, cessões fiduciárias em garantia ou contratos de arrendamento mercantil; (iii) outros Créditos não sujeitos à Recuperação Judicial, nos termos da LFR; ou (iv) Créditos reconhecidos como extraconcursais no âmbito de impugnações de crédito. No que diz respeito a Créditos garantidos por alienação fiduciária ou cessão fiduciária nos termos deste item (ii), o saldo remanescente do Crédito após eventual excussão ou integral monetização da respectiva garantia, não está incluído, para todos os fins, na definição de Créditos Extraconcursais, e receberá o tratamento conferido aos Créditos Quirografários.

1.1.14.    "Créditos Ilíquidos": são os Créditos Concursais contingentes ou ilíquidos, objeto de Ações Judiciais ou Procedimentos Arbitrais, iniciados ou não, derivados de quaisquer fatos geradores até a Data do Pedido, que podem ser considerados Créditos Concursais e que, em razão disso, podem ser reestruturados por este Plano, nos termos da LFR, como Créditos com Garantia Real, Créditos *Intercompany*, Créditos ME/EPP, Créditos Quirografários ou Créditos Trabalhistas, conforme aplicável.

1.1.15.    "Créditos *Intercompany*": são os Créditos Concursais cujo credor seja sociedade integrante do Grupo Odebrecht e/ou suas Controladoras, diretas ou indiretas, Controladas ou sociedades sob Controle comum.

1.1.16.    "Créditos ME/EPP": são os Créditos Concursais detidos por empresário individual, EIRELI, sociedade empresária e/ou sociedade simples, desde que classificados como microempresas e empresas de pequeno porte, conforme definidas pela Lei Complementar nº

5

123, de 14 de dezembro de 2006 e conforme previstos nos artigos 41, inciso IV e 83, inciso IV, alínea d, da LFR.

1.1.17. "Créditos Quirografários": são os Créditos Concursais quirografários, com privilégio especial, com privilégio geral ou subordinado, conforme previsto nos artigos 41, inciso III e 83, inciso VI da LFR, além do saldo residual oriundo da excussão de qualquer garantia real ou fiduciária.

1.1.18. "Créditos Retardatários": são os Créditos Concursais que forem reconhecidos por decisão judicial ou administrativa superveniente, ou que forem incluídos na Lista de Credores, em decorrência de quaisquer habilitações de crédito, impugnações de crédito ou qualquer outro incidente ou requerimento de qualquer natureza formulado com a mesma finalidade, desde que apresentados após o decurso dos prazos legais a que se referem os artigos 7º, §§1º e 2º, e 8º da LFR, na forma do disposto no artigo 10 da LFR, que podem ser restruturados por este Plano, nos termos da LFR, como Créditos com Garantia Real, Créditos *Intercompany*, Créditos ME/EPP, Créditos Quirografários ou Créditos Trabalhistas, conforme aplicável.

1.1.19. "Créditos Trabalhistas": são os Créditos Concursais e direitos derivados da legislação do trabalho ou decorrentes de acidente de trabalho, nos termos dos artigos 41, inciso I, e 83, inciso I, da LFR, que mantenham o seu caráter alimentar na Data de Homologação Judicial do Plano.

1.1.20. "Credores": são as pessoas físicas ou jurídicas detentoras de Créditos, estejam ou não sujeitos aos efeitos do Plano, estejam ou não relacionadas na Lista de Credores.

1.1.21. "Credores com Garantia Real": são os titulares de Créditos com Garantia Real.

1.1.22. "Credores Concursais": são os titulares de Créditos Concursais.

1.1.23. "Credores Extraconcursais": são os titulares de Créditos Extraconcursais.

1.1.24. "Credores ME/EPP": são os titulares de Créditos ME/EPP.

1.1.25. "Credores Quirografários": são os titulares de Créditos Quirografários.

1.1.26. "Credores Retardatários": são os titulares de Créditos Retardatários.

6

1.1.27.    "Credores Trabalhistas": são os titulares de Créditos Trabalhistas.

1.1.28.    "Data de Homologação Judicial do Plano": é a data em que ocorrer a publicação, no Diário Oficial da Justiça, da decisão de Homologação Judicial do Plano proferida pelo Juízo da Recuperação.

1.1.29.    "Data do Pedido": é o dia 17 de junho de 2019, data em que o pedido de recuperação judicial da Recuperanda foi ajuizado.

1.1.30.    "Dia Corrido": é qualquer dia do mês, de modo que os prazos contados em Dias Corridos não são suspensos ou interrompidos.

1.1.31.    "Dia Útil": qualquer dia que não seja sábado, domingo ou feriado na Cidade de São Paulo, Estado de São Paulo; além disso, não será Dia Útil qualquer dia em que, por qualquer motivo, não haja expediente bancário na Cidade de São Paulo, Estado de São Paulo. Exclusivamente para atos que devam ser praticados em outras comarcas, "Dia Útil" também significa qualquer dia que, cumulativamente, não seja sábado, domingo ou feriado na respectiva localidade, na Cidade de São Paulo, Estado de São Paulo, ou qualquer dia em que, por qualquer motivo, não haja expediente bancário, na Cidade de São Paulo, Estado de São Paulo.

1.1.32.    "ODBIC": tem o significado atribuído no preâmbulo.

1.1.33.    "Garantias Reais": são os direitos de garantia (v.g., penhor e hipoteca, conforme Título X do Código Civil), nos termos deste Plano e/ou do artigo 41, II da LFR, que garantem os Créditos com Garantia Real.

1.1.34.    "Grupo Odebrecht": tem o significado atribuído no considerando (i).

1.1.35.    "Homologação Judicial do Plano": é a decisão judicial proferida pelo Juízo da Recuperação Judicial que homologa o Plano e, consequentemente, concede a Recuperação Judicial, nos termos do artigo 58, *caput* e/ou §1º da LFR.

1.1.36.    "IPCA": é o Índice Nacional de Preços ao Consumidor Amplo calculado mensalmente pelo Instituto Brasileiro de Geografia e Estatística (IBGE). Na ausência de apuração e/ou divulgação do número-índice por prazo superior a 5 (cinco) Dias Úteis após a data esperada para sua divulgação, ou, ainda, no caso de sua extinção ou por imposição legal

7

ou determinação judicial, o IPCA deverá ser substituído pelo índice que reflita economicamente sua qualidade ou, na sua ausência, o último índice divulgado.

1.1.37.    "Juízo da Recuperação Judicial": é o Juízo da 1ª Vara de Falências e Recuperações Judiciais da Comarca de São Paulo, Estado de São Paulo.

1.1.38.    "Laudos": são, conjuntamente, o laudo de viabilidade econômica e o laudo econômico-financeiro, elaborados nos termos do artigo 53, incisos II e III, respectivamente da LFR, constantes do **Anexo 1.1.41 (a)** e **(b)** deste Plano.

1.1.39.    "Lei das SA": é a Lei Federal nº 6.404, de 15 de dezembro de 1976.

1.1.40.    "LFR": tem o significado atribuído no preâmbulo.

1.1.41.    "Lista de Credores": é a relação de Credores da Recuperanda elaborada pelo Administrador Judicial, conforme alterada por decisões judiciais transitadas em julgado que reconhecerem novos Créditos Concursais ou alterarem a legitimidade, classificação ou o valor de Créditos Concursais já reconhecidos.

1.1.42.    "ODB": é a Odebrecht S.A. – Em Recuperação Judicial, sociedade por ações, com sede no município de Salvador, estado da Bahia, na Avenida Luis Viana, nº 2841, Ed. Odebrecht, Paralela, CEP 41.730-900, inscrita no CNPJ/ME sob o nº 05.144.757/0001-72.

1.1.43.    "Plano": tem o significado atribuído no preâmbulo.

1.1.44.    "Recuperação Judicial": tem o significado atribuído no preâmbulo.

1.1.45.    "Recuperanda": tem o significado atribuído no preâmbulo.

1.1.46.    "Requerentes": significa, conjuntamente, **(1) Kieppe Participações e Administração Ltda. – Em Recuperação Judicial**, sociedade de responsabilidade limitada, com sede no município de Salvador, estado da Bahia, na Avenida Tancredo Neves, nº 1672, Edifício Catabas Empresarial, 5º andar, sala 501, Caminho das Árvores, CEP 41.820-020, inscrita no CNPJ/ME sob o nº 04.215.837/0001-09; **(2) ODBINV S.A. – Em Recuperação Judicial**, sociedade por ações, com sede no município de Salvador, estado da Bahia, na Avenida Luís Viana, nº 2841, Ed. Odebrecht, Paralela, CEP 41.730-900, inscrita no CNPJ/ME sob o nº 15.105.588/0001-15; **(3) ODB**; **(4) Odebrecht Serviços e Participações S.A. – Em Recuperação Judicial**, sociedade por ações, com sede no município de São Paulo,

8

estado de São Paulo, na Rua Lemos Monteiro, nº 120, 9º andar, parte E, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 10.904.193/0001-69; ; **(5) OSP Investimentos S.A. – Em Recuperação Judicial**, sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 9º andar, parte I, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 22.606.673/0001-22; **(6) OPI S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 14º andar, parte A, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 17.337.615/0001-00; **(7) Odebrecht Participações e Investimentos S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 12º andar, parte C, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 07.668.258/0001-00; **(8) Odebrecht Finance Limited**, sociedade existente e constituída de acordo com as leis das Ilhas Cayman, com sede em George Town, Grand Cayman, Ilhas Cayman na South Church Street, PO Box 309GT, Ugland House, registrada sob o nº 181323; **(9) Odebrecht Energia Investimentos S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 14º andar, parte L, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 20.541.146/0001-51; **(10) Odebrecht Energia S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 7º andar, parte B, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 13.079.757/0001-64; **(11) Odebrecht Energia Participações S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 7º andar, parte D, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 19.790.376/0001-75; **(12) Odebrecht Energia do Brasil S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 11º andar, parte D, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 13.439.547/0001-30; **(13) Odebrecht Participações e Engenharia S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de Salvador, estado da Bahia, na Avenida Luis Viana, nº 2841, Ed. Odebrecht, Sala Enseada, Paralela, CEP 41.730-900, inscrita no CNPJ/ME sob o nº 17.851.495/0001-65; **(14) Edifício Odebrecht RJ S.A. – Em Recuperação Judicial**, sociedade por ações, com sede no município do Rio de Janeiro, estado do Rio de Janeiro, na Avenida Cidade de Lima, nº 86, Santo Cristo, CEP 20.220-710, inscrita no CNPJ/ME sob o nº 19.432.176/0001-40; **(15) Odebrecht Properties Investimentos S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, 120, 14º andar, parte H, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 21.264.618/0001-39; **(16) Odebrecht**

**Properties Parcerias S.A. – Em Recuperação Judicial,** sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 14º andar, parte B, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 16.584.908/0001-20; **(17) OP Centro Administrativo S.A. – Em Recuperação Judicial,** sociedade por ações, com sede em Brasília, no Distrito Federal, na Rua 210, Quadra 01, Lote 34 TR 3, sala 1010 C, Areal (Águas Claras), CEP 71950-770, inscrita no CNPJ/ME sob o nº 19.128.923/0001-51; e **(18) OP Gestão de Propriedades S.A. – Em Recuperação Judicial**, sociedade por ações, com sede no município de São Paulo, estado de São Paulo, na Rua Lemos Monteiro, nº 120, 14º andar, parte E, CEP 05.501-050, inscrita no CNPJ/ME sob o nº 20.620.396/0001-87; e **(19) Mectron – Engenharia, Indústria e Comércio S.A. – Em Recuperação Judicial**, sociedade por ações, com sede município de São José dos Campos, estado de São Paulo, na Avenida Brigadeiro Faria Lima, nº 1389, Parque Martim Cererê, E 1399, CEP 12227-000, inscrita no CNPJ/ME sob o nº 65.481.012/0001-20.

1.1.47.   "Termo Original do Stay Period": é o dia 16 de dezembro de 2019, data em que se findou o prazo previsto no art. 6º, §4º, da LFR.

1.1.48.   "TR": é a taxa de referência instituída pela Lei nº 8.177/1991, conforme apurada e divulgada pelo Banco Central do Brasil, cujo produto, quando expressamente previsto neste Plano, agregar-se-á ao saldo do valor nominal do Crédito para fins de cálculo do valor pecuniário das obrigações dispostas neste Plano, e que será devido nas datas de pagamento da parcela de amortização das referidas obrigações. No caso de indisponibilidade temporária da TR, será utilizado, em sua substituição, o último número-índice divulgado, calculado *pro rata temporis* por Dias Úteis, porém, não cabendo, quando da divulgação do número-índice devido, quaisquer compensações financeiras. Na ausência de apuração e/ou divulgação do número-índice por prazo superior a 5 (cinco) Dias Úteis após a data esperada para sua divulgação, ou, ainda, no caso de sua extinção ou por imposição legal ou determinação judicial, a TR deverá ser substituída pela média simples da taxa TR verificada nos 12 (doze) meses anteriores à Data de Homologação Judicial do Plano, calculado *pro rata temporis* por Dias Úteis.

1.1.49.   "UPI": é a Unidade Produtiva Isolada, na forma do artigo 60 da LFR, que poderá ser composta por bens e/ou direitos.

**1.2.    Cláusulas e Anexos.** Exceto se especificado de forma diversa, todas as Cláusulas e Anexos mencionados neste Plano referem-se a Cláusulas e Anexos deste Plano. Referências a

Cláusulas, subcláusulas ou a itens deste Plano referem-se também às suas respectivas subcláusulas ou itens. Os Anexos incluem-se e são parte integrante do Plano para todos os fins de direito.

**1.3.    Títulos.** Os títulos dos Capítulos, das Cláusulas, subcláusulas e itens deste Plano foram incluídos exclusivamente para referência e não devem afetar sua interpretação ou o conteúdo de suas previsões.

**1.4.    Referências.** As referências a quaisquer documentos ou instrumentos incluem todos os respectivos aditivos, consolidações e complementações, exceto se de outra forma expressamente previsto. Sempre que aplicável, as referências à Recuperanda deverão ser interpretadas como sendo as pessoas jurídicas que a sucederem em suas obrigações em razão de operações societárias previstas ou permitidas no âmbito deste Plano, e quaisquer outras que sejam necessárias ao redimensionamento e incremento da eficiência organizacional e redução de custos do Grupo Odebrecht.

**1.5.    Disposições Legais.** As referências a disposições legais e a leis devem ser interpretadas como referências a essas disposições tais como vigentes nesta data ou em data que seja especificamente determinada pelo contexto.

**1.6.    Prazos.** Todos os prazos previstos neste Plano serão contados na forma prevista no artigo 132 do Código Civil, desprezando-se o dia do começo e incluindo-se o dia do vencimento. Quaisquer prazos deste Plano (sejam contados em Dias Úteis ou não) cujo termo inicial ou final caia em um dia que não seja Dia Útil, serão automaticamente prorrogados para o Dia Útil imediatamente posterior.

**1.7.    Créditos Extraconcursais**. Nada neste Plano deverá ser interpretado ou considerado como causa para a (i) novação de Créditos Extraconcursais ou (ii) alteração, modificação ou renúncia de quaisquer obrigações da Recuperanda ou dos direitos de quaisquer Credores Extraconcursais frente aos Créditos Extraconcursais, incluindo, sem limitar, sobre quaisquer garantias prestadas no âmbito de tais Créditos Extraconcursais ou reconhecimentos prestados pela Recuperanda.

**1.8.    Conflito.** Em caso de conflito entre as disposições deste Plano e seus Anexos, os termos e condições previstos no Plano deverão prevalecer.

## 2.       PRINCIPAIS MEIOS DE RECUPERAÇÃO

**2.1.       Visão Geral**. A Recuperanda propõe a adoção das medidas indicadas nas Cláusulas 2.2 e 2.3 abaixo, como forma de superar a sua atual e momentânea crise econômico-financeira e dar continuidade a suas atividades.

**2.2.       Reestruturação da Dívida**. A Recuperanda irá reestruturar as dívidas contraídas perante os Credores Concursais, conforme detalhado na **Cláusula 3** abaixo.

**2.3.       Alienação de Bens e Constituição de UPIs.** A Recuperanda está autorizada desde já a alienar, vender, locar, arrendar, dar em pagamento, remover, onerar ou oferecer em garantia, inclusive garantia judicial, bens, ativos e/ou direitos que sejam parte de seu ativo circulante, assim como bens, ativos e/ou direitos que sejam parte do seu ativo não-circulante, observados para todos os casos os termos, condições e restrições descritos na Cláusula 4, devendo ainda os recursos líquidos obtidos com eventual alienação, inclusive de ativos litigiosos, presentes ou futuros, nacionais ou estrangeiros, ser utilizados conforme estabelecido neste Plano.

**2.4.       Reorganização Societária.** A Recuperanda fica autorizada a realizar operações de reorganização societária, incluindo aquelas necessárias para implementação deste Plano, inclusive fusões, incorporações, incorporações de ações, cisões e transformações, ou promover transferências patrimoniais dentro do Grupo Odebrecht, observados os termos e condições da Cláusula 5.1.

## 3.       PAGAMENTO DOS CREDORES

**3.1.       Créditos Trabalhistas.** Os Credores Trabalhistas terão seus Créditos Trabalhistas pagos integralmente em dinheiro, em 2 (duas) parcelas de igual valor, sendo a primeira devida no 30º (trigésimo) Dia Corrido contado da Data de Homologação Judicial do Plano e a segunda devida no 60º (sexagésimo) Dia Corrido contado da Data de Homologação Judicial do Plano.

3.1.1.       <u>Juros e Correção</u>. Juros e correção monetária incidindo sobre respectivo Crédito Trabalhista, correspondentes ao IPCA desde a Data do Pedido até a implementação do pagamento previsto na Cláusula 3.1 acima.

3.1.2.        <u>Créditos Trabalhistas Retardatários</u>. Os Créditos Trabalhistas Retardatários serão pagos na forma descrita na Cláusula 3.1, sendo os pagamentos devidos 30º (trigésimo) Dia Corrido e no 60º (sexagésimo) Dia Corrido contado da data da certidão de trânsito em julgado da decisão que determinar a inclusão do referido Crédito Trabalhista na Lista de Credores.

**3.2.    Créditos com Garantia Real.** Os Credores com Garantia Real manterão as condições originais de seus Créditos com Garantia Real, sendo desde já permitido à Recuperanda e aos Credores com Garantia Real convencionarem a dação dos bens gravados com garantia real em pagamento dos respectivos Créditos com Garantia Real.

3.2.1.        <u>Créditos Com Garantia Real Retardatários</u>. Os Créditos com Garantia Real que sejam Créditos Retardatários serão pagos na forma descrita na Cláusula 3.2 acima.

**3.3.    Créditos Quirografários.** Os Credores Quirografários terão seus Créditos Quirografários reestruturados e pagos em recursos monetários, até o limite de US$ 400.000,00 (quatrocentos mil dólares dos Estados Unidos da América), em dinheiro, em 2 (duas) parcelas de igual valor, sendo a primeira devida no 30º (trigésimo) Dia Corrido contado da Data de Homologação Judicial do Plano e a segunda devida no 60º (sexagésimo) Dia Corrido contado da Data de Homologação Judicial do Plano.

3.3.1.        <u>Juros e Correção</u>. Juros e correção monetária incidirão sobre o respectivo montante de Créditos Quirografários e sobre o limite de US$ 400.000,00 (quatrocentos mil dólares dos Estados Unidos da América), previsto na Cláusula 3.3 acima, correspondentes à TR desde a Data do Pedido até a data do efetivo pagamento.

3.3.2.        <u>Novação</u>. Os Créditos Quirografários serão novados, passando a corresponder a US$ 400.000,00 (quatrocentos mil dólares dos Estados Unidos da América), com juros e correção previstos na Cláusula 3.3.1 acima, caso o montante do Crédito Quirografário do respectivo Credor Concursal seja superior a US$ 400.000,00 (quatrocentos mil dólares dos Estados Unidos da América).

3.3.3.        <u>Quitação</u>. O respectivo pagamento ora previsto implica, necessariamente, ampla geral e irrestrita quitação do Crédito Quirografário em questão.

3.3.4.        <u>Créditos Quirografários Retardatários.</u> Os Créditos Quirografários que sejam Créditos Retardatários serão pagos na forma descrita nas Cláusulas 3.3 e 3.3.1, sendo os

13

pagamentos previstos na Cláusula 3.3 devidos no 30º (trigésimo) Dia Corrido e no 60º (sexagésimo) Dia Corrido contados da data da certidão de trânsito em julgado da decisão que determinar a inclusão do referido Crédito Quirografário na Lista de Credores.

**3.4.    Créditos ME/EPP.** Os Credores ME/EPP terão seus Créditos ME/EPP reestruturados e pagos em recursos monetários nacionais, até o limite de R$ 500,00 (quinhentos reais), em dinheiro, em 2 (duas) parcelas de igual valor, sendo a primeira devida no 30º (trigésimo) Dia Corrido contado da Data de Homologação Judicial do Plano e a segunda devida no 60º (sexagésimo) Dia Corrido contado da Data de Homologação Judicial do Plano.

3.4.1.    Juros e Correção. Juros e correção monetária incidirão sobre o respectivo montante de Créditos ME/EPP e sobre o limite de R$ 500,00 (quinhentos reais), previsto na Cláusula 3.4 acima, correspondentes à TR desde a Data do Pedido até a data do efetivo pagamento.

3.4.2.    Novação. Os Créditos ME/EPP serão novados, passando a corresponder a R$ 500,00 (quinhentos reais), com juros e correção previstos na Cláusula 3.4.1 acima, caso o montante do Crédito ME/EPP do respectivo Credor Concursal seja superior a R$ 500,00 (quinhentos reais).

3.4.3.    Quitação. O respectivo pagamento ora previsto implica, necessariamente, ampla geral e irrestrita quitação do Crédito ME/EPP em questão.

3.4.4.    Crédito ME/EPP Retardatário. Os Créditos ME/EPP que sejam Créditos Retardatários serão pagos na forma descrita nas Cláusulas 3.4.1 e 3.4.2, sendo os pagamentos previstos na Cláusula 3.4 devidos no 30º (trigésimo) Dia Corrido e no 60º (sexagésimo) Dia Corrido contado da data da certidão de trânsito em julgado da decisão que determinar a inclusão do referido Crédito ME/EPP na Lista de Credores.

**3.5.    Créditos Ilíquidos.** Todos os Créditos Ilíquidos, incluindo os Créditos ainda sujeitos a Ações Judiciais e/ou Procedimentos Arbitrais, que são tratados neste Plano como Créditos Ilíquidos, estão integralmente sujeitos aos termos e condições deste Plano e aos efeitos da Recuperação Judicial, nos termos do artigo 49 da LFR. Os Créditos Ilíquidos, uma vez materializados e reconhecidos por decisão judicial transitada em julgado e/ou arbitral final e

14

irrecorrível, serão pagos conforme tratamento atribuídos aos Créditos Retardatários nos termos deste Plano e na classe correspondente ao Crédito Ilíquido em questão.

**3.6.    Créditos *Intercompany*.** Os Créditos *Intercompany* poderão ser convertidos em capital social, pagos de forma subordinada ao cumprimento das obrigações previstas neste Plano, ou objetos de compensação, nos termos do artigo 368 e seguintes do Código Civil, conforme o caso e segundo a legislação aplicável, observado o quanto previsto na Cláusula 6.3. As partes poderão oportunamente convencionar formas alternativas de extinção desses Créditos *Intercompany*, observados sempre os procedimentos e legislação aplicáveis e o disposto neste Plano.

**3.7.    Disposições Gerais de Pagamento dos Créditos Concursais**

3.7.1.      <u>Reclassificação de Créditos</u>. Na hipótese de Créditos Concursais indicados na Lista de Credores sobre os quais, na Homologação Judicial do Plano, haja impugnação de crédito que verse sobre a sua reclassificação ainda pendente de decisão judicial transitada em julgado, o respectivo Credor Concursal está sujeito aos termos e condições de pagamento aplicáveis à classe na qual seu Crédito encontra-se alocado na Homologação Judicial do Plano até a data da certidão de trânsito em julgado da decisão judicial que determinar sua reclassificação, sendo certo que o Credor deverá adotar todas as medidas perante a Recuperanda para que seja promovida a alteração dos termos e condições de pagamento de seus Créditos em conformidade com a sua nova classe. Caso seja posteriormente reconhecida a reclassificação do Crédito que implique modificação dos termos e condições de pagamento já aplicados: (i) na hipótese de tal modificação representar majoração dos valores a serem pagos, o saldo majorado do respectivo Crédito será considerado Crédito Retardatário para fins de pagamento, sendo certo que os Créditos reclassificados não farão jus a pagamentos que já tenham sido realizados às classes para as quais tenham sido realocados em decorrência da reclassificação, ou (ii) na hipótese de tal modificação representar diminuição dos valores a serem pagos ou a entrega de outro meio de recuperação, o Credor Concursal deverá restituir à Recuperanda os valores que já tenham sido pagos e que superem o valor de seu Crédito, tal como retificado.

3.7.1.1.  <u>Majoração dos Créditos.</u> Na hipótese de se verificar eventual majoração no valor de qualquer Crédito decorrente de decisão judicial transitada em julgado ou acordo entre as partes, o montante correspondente à diferença entre o Crédito decorrente de decisão judicial transitada em julgado ou acordo entre as partes e o montante reconhecido na Lista

15

de Credores será pago na forma prevista neste Plano para os Créditos Retardatários de cada classe. Neste caso, as regras de pagamento do valor majorado de tais Créditos, notadamente quanto à incidência de juros, passarão a ser aplicáveis apenas a partir do referido trânsito em julgado da decisão judicial ou da data de celebração do acordo entre as partes.

3.7.1.2. <u>Redução dos Créditos</u>. Na hipótese de se verificar eventual redução no valor de Créditos decorrentes de decisão judicial transitada em julgado ou acordo entre as partes, e a consequente retificação da Lista de Credores, o Credor Concursal titular do respectivo Crédito Concursal deverá restituir à Recuperanda, no prazo de 10 (dez) Dias Úteis a contar do referido trânsito em julgado ou acordo entre as partes, conforme o caso, os valores que já tenham sido pagos e que superem o valor de seu Crédito Concursal, tal como retificado.

3.7.1.3. <u>Notificação</u>. Para fins desta Cláusula, o Credor Concursal deverá notificar a Recuperanda, na forma da Cláusula 7.3, para comunicar o trânsito em julgado da decisão judicial que houver reconhecido a alteração do Crédito Concursal já reconhecido na Lista de Credores do Administrador Judicial.

3.7.2. <u>Data do Pagamento</u>. Na hipótese de qualquer pagamento ou obrigação deste Plano estar previsto para ser realizado ou satisfeita em um dia que não seja considerado um Dia Útil, o referido pagamento ou obrigação deverá ser realizado ou satisfeita, conforme o caso, no Dia Útil seguinte.

3.7.3. <u>Forma de Pagamento</u>. Conforme aplicável, os valores devidos nos termos deste Plano serão pagos por meio da transferência direta de recursos à conta bancária do respectivo credor, incluindo envio de ordens de pagamento ou remessa para o exterior, por meio de documento de ordem de crédito (DOC), ou de transferência eletrônica disponível (TED), ou qualquer outro documento que comprove a transação, sendo que a Recuperanda poderá contratar um agente de pagamento para tanto. O comprovante de depósito do valor creditado servirá de prova de quitação do respectivo pagamento.

3.7.4. <u>Contas Bancárias dos Credores</u>. Conforme aplicável, os Credores Concursais devem informar à Recuperanda, nos contatos indicados e na forma da Cláusula 7.3, suas respectivas contas bancárias para esse fim.

3.7.4.1.  Ausência de indicação de Contas Bancárias. Os pagamentos que não forem realizados em razão de os Credores Concursais não terem informado suas contas bancárias ou terem prestado essa informação de maneira equivocada ou incompleta não serão considerados como descumprimento do Plano. Não haverá a incidência de juros ou encargos moratórios se os pagamentos não tiverem sido realizados em razão de os Credores Concursais não terem informado tempestivamente e corretamente seus dados bancários para depósito.

3.7.5.  Alteração da Titularidade de Crédito Concursal. Na hipótese de se verificar a eventual alteração da titularidade de determinado Crédito Concursal, seja por cessão, sucessão, sub-rogação ou qualquer outra forma admitida, durante a vigência e o cumprimento deste Plano, caberá ao respectivo cessionário, sucessor ou credor por sub-rogação adotar as medidas necessárias para reconhecimento de sua titularidade sobre o Crédito Concursal em questão e para retificação da Lista de Credores, devendo notificar a Recuperanda e, até que a Recuperação Judicial seja encerrada, notificar também o Juízo da Recuperação Judicial e o Administrador Judicial, na forma da Cláusula 7.3. Em qualquer caso, a alteração na titularidade do Crédito Concursal não afetará os pagamentos que tenham sido eventualmente realizados ao Credor Concursal original.

3.7.6.  Compensação. A Recuperanda está autorizada a efetuar compensações de crédito, nos termos do artigo 368 e seguintes do Código Civil, nos casos em que a Recuperanda e seus Credores Concursais possuírem obrigações recíprocas de créditos e débitos, desde que prévia e expressamente autorizadas pelos respectivos Credores Concursais. Para que não restem dúvidas, eventual saldo remanescente após efetuada a compensação prevista nesta Cláusula receberá o tratamento conferido à natureza do respectivo Crédito, nos termos deste Plano.

3.7.7.  Custos e Tributos. As obrigações financeiras decorrentes do presente Plano e todos os pagamentos a serem realizados pela Recuperanda nos termos deste Plano serão cumpridos e pagos líquidos de quaisquer tributos presentes e futuros, impostos, encargos, taxas ou outras cobranças de qualquer natureza.

**3.8.  Créditos Extraconcursais**. Fica ressaltado que os Créditos Extraconcursais não estão sujeitos e não serão novados por força da aprovação do presente Plano, sendo certo que a sua reestruturação dependerá de negociações bilaterais com os Credores Extraconcursais, bem como

que nada neste Plano poderá desconstituir ou de qualquer forma modificar garantias fiduciárias outorgadas em favor de Credores Extraconcursais.

## 4. ALIENAÇÃO E/OU ONERAÇÃO DE ATIVOS

4.1.    **Alienação de bens do ativo circulante.** A Recuperanda poderá alienar, vender, locar, arrendar, dar em pagamento, remover, onerar ou oferecer em garantia, inclusive garantia judicial, observados parâmetros de mercado, quaisquer bens, ativos e/ou direitos que sejam parte de seu ativo circulante sem necessidade de autorização ou cientificação adicional do Juízo da Recuperação e/ou dos Credores Concursais, sempre observados direitos e prerrogativas assegurados contratualmente a terceiros, Credores com Garantia Real, Credores Extraconcursais ou perante autoridades públicas sobre o bem ou ativo, bem como os limites estabelecidos na lei aplicável e neste Plano, (i) desde que o bem ou ativo esteja desonerado; ou (ii) se onerado, desde que a transação seja autorizada pelo respectivo Credor, conforme aplicável.

4.2.    **Alienação de bens do ativo não circulante**. A Recuperanda está autorizada a alienar, vender, locar, arrendar, dar em pagamento, remover, onerar ou oferecer em garantia, inclusive garantia judicial, observados parâmetros de mercado, em benefício de qualquer parte, sempre observados direitos e prerrogativas assegurados contratualmente a terceiros, Credores com Garantia Real, Credores Extraconcursais ou perante autoridades públicas sobre o bem ou ativo, bem como os limites estabelecidos na lei aplicável e neste Plano:

> (i)    quaisquer dos bens ou ativos que sejam parte do seu ativo não-circulante, sob qualquer modalidade, inclusive por meio de alienação de UPI's, nos termos da Cláusula 4.3 abaixo, (i.a.) desde que o bem ou ativo esteja desonerado; ou (i.b.) se onerado, desde que a transação seja autorizada pelo respectivo Credor Extraconcursal ou Credor com Garantia Real, conforme aplicável; e

> (ii)    quaisquer dos bens ou ativos que sejam parte do seu ativo não-circulante, desde que o valor contábil líquido de depreciação de tal (tais) bens ou ativos, considerados individualmente e de forma  agregada dentro do mesmo ano fiscal, seja menor ou igual a R\$ 50.000.000,00 (cinquenta milhões de reais) em cada ano fiscal e, ainda, (ii.a.) desde que  o bem ou ativo esteja desonerado; ou (ii.b.) se onerado, desde que a transação seja autorizada pelo respectivo Credor Extraconcursal ou Credor com Garantia Real, conforme aplicável.

18

**4.3.    Alienação de UPIs.** A alienação de UPIs, salvo regras previstas neste Plano, será realizada observando-se os arts. 60 e 142 da LFR, ou mediante venda direta, nos termos e condições gerais definidos pela Recuperanda.

4.3.1.    <u>Ausência de Sucessão.</u> Tendo em vista que a alienação das UPIs observará o quanto disposto nos artigos 60 e 142 da LFR, em nenhuma hipótese, haverá sucessão do adquirente por quaisquer dívidas e obrigações da Recuperanda, inclusive as de natureza tributária e trabalhista. A ausência de sucessão deverá ser reconhecida pelo Juízo da Recuperação Judicial.

## 5.    ESTRUTURA SOCIETÁRIA E REORGANIZAÇÃO

**5.1.    Reorganização**. A Recuperanda fica autorizada a realizar operações de reorganização societária, incluindo aquelas necessárias para implementação deste Plano, bem como fusões, incorporações, incorporações de ações, cisões e transformações, ou promover transferências patrimoniais dentro do Grupo Odebrecht, desde que isso não prejudique eventuais direitos e obrigações contraídas pela Recuperanda perante seus Credores.

## 6.    EFEITOS DO PLANO

**6.1.    Vinculação do Plano.** As disposições do Plano vinculam a Recuperanda e os Credores Concursais, e os seus respectivos cessionários e sucessores, a qualquer título, assim como credores que venham a se tornar Credores Concursais da Recuperanda por força de atribuição de responsabilidade incidental, subsidiária ou solidária, por força de lei ou decisão judicial, administrativa, arbitral, desde que o fato gerador de tal Crédito Concursal seja anterior ao ajuizamento da presente Recuperação Judicial, a partir da Data de Homologação Judicial do Plano.

**6.2.    Novação.** A Homologação Judicial do Plano implicará a novação dos Créditos Concursais, nos termos do art. 59 da LFR, os quais serão pagos segundo os termos e condições estabelecidos neste Plano. Salvo disposição em sentido contrário neste Plano, ficam mantidas as garantias reais e fidejussórias dos Créditos Concursais.

19

**6.3.     Remessa de Recursos**. Observada a necessidade de caixa e as regras societárias aplicáveis, a Recuperanda está autorizada a realizar qualquer tipo de movimentação financeira, mas não se limitando ao aporte de recursos e celebração de mútuos, para as suas Controladas e Afiliadas.

**6.4.     Cessão de Créditos**. Após a Aprovação do Plano, os Credores Concursais poderão ceder seus Créditos a outros Credores Concursais ou a terceiros, e a cessão deverá ser notificada à Recuperanda e ao Administrador Judicial nos termos da Cláusula 7.3. A notificação ao Administrador Judicial e ao Juízo da Recuperação Judicial só será necessária enquanto a Recuperação Judicial não tiver sido encerrada. Os Créditos Concursais cedidos serão pagos conforme condições previstas no Plano.

**6.5.     Reconstituição de Direitos.** Caso a Recuperação Judicial seja convolada em falência no prazo de supervisão no art. 61 da LFR, os Credores Concursais terão reconstituídos seus direitos e garantias nas condições originalmente contratadas, deduzidos os valores eventualmente pagos e ressalvados os atos validamente praticados no âmbito da Recuperação Judicial, observados o disposto nos arts. 61, §2º, e 74 da LFR.

**6.6.     Quitação.** O cumprimento das obrigações de pagamentos de acordo com os termos e condições estabelecidos neste Plano acarretará, de forma automática e independentemente de qualquer formalidade adicional, ampla, geral e irrestrita quitação de todos os Créditos Concursais contra a Recuperanda e seus diretores, conselheiros, agentes, funcionários e representantes.

**6.7.     Extinção das Ações**. Em virtude da novação dos Créditos Concursais decorrente da Homologação Judicial do Plano, e enquanto este Plano estiver sendo cumprido pela Recuperanda, os Credores Concursais não poderão, a partir da Homologação Judicial do Plano, (i) ajuizar ou prosseguir toda e qualquer ação e/ou execução judicial ou processo de qualquer natureza relacionado a qualquer Crédito Concursal contra a Recuperanda; (ii) executar qualquer sentença, decisão judicial ou sentença arbitral relacionada a qualquer Crédito Concursal contra a Recuperanda; (iii) penhorar ou onerar quaisquer bens da Recuperanda para satisfazer seus Créditos Concursais ou praticar contra elas qualquer outro ato constritivo para satisfação de Créditos Concursais; (iv) criar, aperfeiçoar ou executar qualquer garantia real sobre bens e direitos da Recuperanda para assegurar o pagamento de seus Créditos Concursais; e (v) buscar a satisfação de seus Créditos Concursais por quaisquer outros meios contra a Recuperanda. A

partir da Data de Homologação Judicial do Plano, todo e qualquer processo de execução, de qualquer natureza, relacionado a qualquer Crédito Concursal contra a Recuperanda, deverão ser extintos completamente ou, caso mais de uma pessoa figure no polo passivo da referida ação, exclusivamente em relação à Recuperanda em questão, sendo certo que as penhoras e constrições existentes sobre bens e direitos da Recuperanda serão liberadas, bem como o saldo de bloqueios judiciais eventualmente efetivados nas referidas ações judiciais. Para que não restem dúvidas, nada nesta Cláusula impede o trâmite de impugnações de crédito relacionadas à presente Recuperação Judicial.

**6.8.    Formalização de Documentos e Outras Providências.** A Recuperanda obriga-se, em caráter irrevogável e irretratável, por força deste Plano, a realizar todos os atos e firmar todos os contratos e outros documentos que, na forma e na substância, sejam necessários ou adequados ao cumprimento e implementação deste Plano e obrigações correlatas.

**6.9.    Aditamentos, Alterações ou Modificações do Plano.** Aditamentos, alterações ou modificações ao Plano podem ser propostas a qualquer tempo após a Homologação Judicial do Plano, desde que tais aditamentos, alterações ou modificações sejam aceitas pela Recuperanda e aprovadas em Assembleia de Credores, nos termos da LFR. Aditamentos ao Plano, desde que aprovados nos termos da LFR, obrigam todos os Credores Concursais, independentemente da expressa concordância destes com aditamentos posteriores. Para fins de cômputo, os Créditos Concursais deverão ser atualizados na forma deste Plano e descontados dos valores já pagos a qualquer título em favor dos Credores Concursais, conforme o caso.

## 7.    DISPOSIÇÕES GERAIS

**7.1.    Anexos.** Todos os anexos a este Plano são a ele incorporados e constituem parte integrante deste Plano. Na hipótese de haver qualquer inconsistência entre este Plano e qualquer anexo, o Plano prevalecerá.

**7.2.    Contratos Existentes e Conflitos.** Na hipótese de conflito entre as disposições deste Plano e as obrigações da Recuperanda sujeitas à Recuperação Judicial previstas nos contratos celebrados com qualquer Credor Concursal anteriormente à Data do Pedido, este Plano prevalecerá.

**7.3.    Comunicações.** Todas as notificações, requerimentos, pedidos e outras comunicações

21

à Recuperanda, requeridas ou permitidas por este Plano, para serem eficazes, devem ser feitas por escrito e serão consideradas realizadas quando enviadas (i) por correspondência registrada, com aviso de recebimento, ou courier; ou (ii) por e-mail quando efetivamente entregues, valendo o aviso de leitura como prova de entrega e recebimento da mensagem, obrigando-se a Recuperanda a verificar suas mensagens periodicamente. Todas as comunicações devem ser enviadas aos seguintes endereços, salvo se houver alteração devidamente comunicada aos Credores Concursais:

**À Recuperanda**:

> Rua Lemos Monteiro, nº 120, 14º andar
>
> Butantã, São Paulo/SP, CEP 05501-050
>
> A/C: Departamento Jurídico
>
> E-mail: rjodb@odebrecht.com

**Ao Administrador Judicial**

> Rua Surubim, nº 577, 9º andar
>
> Brooklyn Novo, São Paulo/SP, CEP 04571-050
>
> A/C: Eduardo Seixas e Luciana Gasques
>
> E-mail: aj_odb@alvarezandmarsal.com

**7.4.        Divisibilidade das Previsões do Plano.** Na hipótese de qualquer termo ou disposição deste Plano ser considerada inválida, nula ou ineficaz, o restante dos termos e disposições do Plano devem permanecer válidos e eficazes.

**7.5.        Créditos em moeda estrangeira.** Os Créditos denominados em moeda estrangeira serão mantidos na moeda original para todos os fins de direito, em conformidade com o disposto no artigo 50, § 2º, da LFR, e serão liquidados em conformidade com as disposições deste Plano. Caso necessário, os Créditos Concursais denominados em moeda estrangeira serão convertidos para real ou dólar norte-americano de acordo com as taxas de câmbio de venda disponíveis no Sistema de Informações do Banco Central do Brasil (SISBACEN), no Dia Útil imediatamente anterior à data do ato a ser praticado nos termos deste Plano.

**7.6.        Encerramento da Recuperação Judicial.** A Recuperação Judicial será encerrada nos termos dos arts. 61 e 63 da LFR.

22

**7.7.**     **Lei Aplicável.** Os direitos, deveres e obrigações decorrentes deste Plano deverão ser regidos, interpretados e executados de acordo com as leis vigentes na República Federativa do Brasil, ainda que haja Créditos originados sob a regência de leis de outra jurisdição e sem que quaisquer regras ou princípios de direito internacional privado sejam aplicadas.

**7.8.**     **Foro.** Todas as controvérsias ou disputas que surgirem ou estiverem relacionadas a este Plano serão resolvidas pelo Juízo da Recuperação. Após o encerramento da Recuperação Judicial as controvérsias ou disputas que surgirem ou estiverem relacionadas a este Plano serão resolvidas pelo foro da Comarca de São Paulo

São Paulo, 31 de março de 2020
(*Seguem páginas de assinaturas do Plano*)

23

(*páginas de assinaturas do Plano de Recuperação Judicial apresentado por ODB International Corporation*)

| | |
|---|---|
| **Nome:** | **Nome:** |
| **Cargo:** | **Cargo:** |

Por: **ODB INTERNATIONAL CORPORATION**

## ANEXOS AO PLANO

| | |
|---|---|
| **Anexo 1.1.36 (a)** | Laudo de Viabilidade Econômica |
| **Anexo 1.1.36 (b)** | Laudo Econômico-Financeiro |



**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese



p. 176

200.168(001) Livro 753 Fl. 176-211

**I, SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER SIGNED BELOW, APPOINTED BY THE PRESIDENT OF THE TRADE BOARD OF THE STATE OF RIO DE JANEIRO (JUCERJA), LICENSED IN THE FOLLOWING LANGUAGES: ENGLISH, FRENCH, AND SPANISH UNDER PERMIT 243---------------------------------------------------------------**
**HEREBY CERTIFY IN GOOD FAITH------------------------------------------------------------**
**THAT ON THIS DATE A DOCUMENT WAS PRESENTED TO ME WRITTEN IN PORTUGUESE, WHICH I NOW TRANSLATE INTO THE ENGLISH IDIOM WITH THE BEST OF MY KNOWLEDGE AND IN GOOD FAITH, AS COMMANDED BY MY OFFICIAL DUTY, AS FOLLOWS: ----------------------------**

 ----------------------------------------------------------

**COURT SUPERVISED REORGANIZATION PLAN** ----------------------

**ODB INTERNATIONAL CORPORATION** -----------------------------

March 31, 2020 --------------------------------------------

**COURT SUPERVISED REORGANIZATION PLAN** ----------------------

 ----------------------------------------------------------

**ODB INTERNATIONAL CORPORATION**, a company existing and organized under the laws of the Bahamas, headquartered in Nassau, at MB&H Corporate Services Ltd., Mareva House, 4 George Street, registered under No. 138020 B ("ODBIC" or "Company under Reorganization"), submits, in the records of their court-supervised reorganization proceedings, filed under No. 1057756-77.2019.8.26.0100, in progress at the 1st Court of Bankruptcy and Court-Supervised Reorganization of the Central Civil Jurisdiction of the Capital of São Paulo ("Court-supervised Reorganization"), the following Court-supervised Reorganization Plan ("Plan"), in compliance with article 53 of Law No. 11,101/2005 ("LFR"). ------------------------------------

 ----------------------------------------------------------

**WHEREAS**: -------------------------------------------------



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 177

**(i)** Company under Reorganization is part of Odebrecht Group, one of the largest business conglomerates in the country, with operations in the sectors of infrastructure, oil and gas, sugar and ethanol, real estate development, mobility and transportation, energy, defense and naval services, gathering several companies under common Control (direct or indirect) of Kieppe Participações e Administração Ltda. – Em Recuperação Judicial, with activities developed in countless locations in the national territory and in 27 countries corresponding to one of the largest Brazilian companies in its segments ("Odebrecht Group"); -------------------------------------- ------------------------------------------------------------

**(ii)** The Company under Reorganization is one of the companies of Odebrecht Group responsible for obtaining resources in the international financial market by issuing different types of debt ----------------------------------- ------------------------------------------------------------

**(iii)** in order to carry out its activities and provide for the growth of Odebrecht Group, the Company under Reorganization, along with the other companies that are petitioners in the Court Supervised Reorganization ("Petitioners"), have structured themselves to make it possible to raise funds in the Brazilian and international financial and capital markets, by contracting bank financing, bank guarantees, insurance guarantees and issuing debt securities in the local market (debentures) and in the international market (bonds); for this purpose,





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 178

the Company under Reorganization and the Petitioners have acted in an efficient and coordinated manner, as funders, guarantors and counter-guarantors for the aforementioned financial operations; -------------------------------------
-----------------------------------------------------------

**(iv)** in view of the financial difficulties faced by the Company under Reorganization and the Petitioners, which were aggravated by attacks from certain creditors, and in order to ensure the social function of the Company under Reorganization and that of the Petitioners, as well as to preserve jobs and their productive capacity and to stimulate the economy, on June 17, 2019, an application for Court Supervised Reorganization was filed; ------------
-----------------------------------------------------------

**(v)** in attention to the provisions of pgs. 278/285 and 355/363, issued respectively under Instrument No. 2262371-21.2019.8.26.0000 and 226277-73.2019.8.26.000, the Creditors of the Company under Reorganization resolved, at the general Creditors' Meeting, not to substantially consolidate the Company under Reorganization with the other Petitioners, so that this Plan consists exclusively of its assets and liabilities; and finally ----------------
-----------------------------------------------------------

**(vi)** in compliance with the decision to grant processing of Court Supervised Reorganization and the requirements of art. 53 of LFR, this Plan presents the means of recovery sought by the Company under Reorganization, as well as demonstrates its economic viability, through the Reports,





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

p. 179

as defined below, being certain that this Plan reflects the negotiations held with the Company under Reorganization's various creditors; -----------------------

The Company under Reorganization presents this Plan to the Reorganization Court, under the following terms and conditions. ------------------------------------------------

**1. DEFINITIONS AND RULES OF INTERPRETATION** ----------------

**1.1. Definitions:** The terms used in this Plan have the meanings defined below. Such defined terms shall be used, as appropriate and applicable, in their singular or plural form, in the male or female gender, without thereby losing the meaning assigned to them. ----------------------------

1.1.1 "Judicial Claims or Arbitration Proceedings": are the judicial claims of labor or civil nature, filed against the Companies under Reorganization, or the arbitration proceedings involving the Companies under Reorganization, which involve legal relationships that, due to their cause of filing, originate the Bankruptcy Credits in Bankruptcy that shall be included in the List of Creditors. -----------------------------------------------

1.1.2 "Judicial Administrator": is Alvarez & Marsal Administração Judicial Ltda., CNPJ/ME No. 07.016.138/0001-28, with its address at Rua Surubim, 577, 9º andar,





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

p. 180

Brooklin Novo, Postal Code [CEP] 04571-050, in the city of São Paulo, state of São Paulo, or whoever replaces it. ----
------------------------------------------------------------
1.1.3 "<u>Affiliates</u>": means, in relation to any person, any person directly or indirectly held, Controlling, Controlled or under common Control. ----------------------
------------------------------------------------------------
1.1.4 "<u>Anniversary</u>": is the date that corresponds to the 365th (three-hundred sixtieth) day after the <u>Date of Judicial Confirmation of the Plan</u>. -----------------------
------------------------------------------------------------
------------------------------------------------------------
1.1.5 "<u>Approval of the Plan</u>": is the approval of this Plan by the Bankruptcy Creditors of the Companies under Reorganization gathered at the Creditors' Meeting appointed to resolve it. For the purposes of this Plan, Approval of the Plan is deemed to occur on the date of the Creditors' Meeting at which the voting of the Plan takes place, provided that it shall be subsequently confirmed in court pursuant to the terms of article 58, paragraph 1 of LFR. --------------------------------------------------
------------------------------------------------------------
1.1.6 "<u>Creditors' Meeting</u>": is any general meeting of creditors of the Company under Reorganization, held within the scope of this Court Supervised Reorganization, pursuant to Chapter II, Section IV, of the LFR. -----------
------------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 181

1.1.7 "Civil Code": is Federal Law No. 10,406 of January 10, 2002. --------------------------------------------------- ------------------------------------------------------------

1.1.8 "Code of Civil Procedure": is Federal Law No. 13,105 of March 16, 2015. ---------------------------------------- ------------------------------------------------------------

1.1.9 "Control": means, according to article 116 of the Corporation Law, (i) the ownership of rights of shareholders which ensure to each holder, on a permanent basis, the majority of votes in company resolutions and the power to elect the majority of the company's management; and (ii) the effective use of such power to direct the company's activities and guide the operation of the company's bodies. The expressions and terms "Controller", "Controlled by", "under Common Control" and "Controlled" have the meanings logically derived from this definition of "Control". ---------------------------------- ------------------------------------------------------------

1.1.10. "Credits": are the credits and obligations, materialized or contingent, net or gross, subject of judicial/administrative/arbitration claims initiated or not, whether or not related to the List of Creditors of the Companies under Reorganization , whether or not subject to Court-supervised Reorganization. --------------- ------------------------------------------------------------

1.1.11. "Secured Credits": are credits existing in relation to the Companies under Reorganization secured by in rem Guarantees(e.g. pledge and mortgage), in accordance





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 182

with article 41(II) of the LFR, up to the value of the encumbered asset, existing on the Date of Filing, in accordance with the values attributed in the List of Creditors. ------------------------------------------------
 -------------------------------------------------------------
1.1.12. "Bankruptcy Credits" are Labor Credits, Secured Credits, Unsecured Credits and ME/EPP Credits as well as other Credits subject to Court-Supervised Reorganization and which, as a result, may be restructured by this Plan pursuant to the terms of the LFR, including any Credits that are recognized as being subject to Court-Supervised Reorganization within the context of qualification or oppositions to Credits. -----------------------------------
 -------------------------------------------------------------
1.1.13. "Non-bankruptcy Credits" are Credits held against the Company under Reorganization: (i) whose triggering event is subsequent to the Date of Filing; (ii) derived from contracts entered into until the Date of Filing that are not subject to the effects of this Plan pursuant to article 49, paragraphs 3 and 4 of the LFR, such as fiduciary guarantees, fiduciary assignments in guarantee or lease agreements; (iii) other Credits not subject to Court Supervised Reorganization pursuant to the LFR; or (iv) Credits recognized as Non-Bankruptcy Credits in the scope of credit challenges. With respect to Credits secured by fiduciary alienation or fiduciary assignment under the terms of this item (ii), the remaining balance of the Credits after eventual foreclosure or full





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 183

monetization of the respective guarantee is not included, for all purposes, in the definition of Extra-Contractual Credits, and will receive the treatment granted to Unsecured Credits. ----------------------------------------

1.1.14. "<u>Illiquid Credits</u>": are Contingent or Illiquid Credits, object of Lawsuits or Arbitration Proceedings, whether initiated or not, derived from any triggering events up to the Date of Filing, which may be considered as Bankruptcy Credits and which, as a result, may be restructured by this Plan, under the terms of the LFR, as Secured Credits, Intercompany Credits, ME/EPP Credits, Unsecured Credits or Labor Credits, as applicable. --------

1.1.15. "<u>Intercompany Credits</u>": are the Bankruptcy Credits whose creditor is a company that is part of Odebrecht Group and/or its Direct or Indirect Controlling companies, Subsidiaries or companies under common Control. -----------

1.1.16. "<u>ME/EPP Credits</u>": are the Bankruptcy Credits held by an individual entrepreneur, EIRELI, a business company and/or a simple company, provided they are classified as micro and small enterprises, as defined by Complementary Law no. 123, of December 14, 2006, and as provided in articles 41, item IV and 83, item IV, d, of the LFR. ------

1.1.17. "<u>Unsecured Credits</u>" are those unsecured credits, with special privilege, with general privilege or





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 184

subordinated, as provided for in Articles 41, III and 83, VI of the LFR, in addition to the residual balance arising from the foreclosure of any in rem or fiduciary guarantee. ------------------------------------------------------------

1.1.18. "Late Credits" are those Bankruptcy Credits that are recognized by supervening judicial or administrative decision, or that are included in the List of Creditors, as a result of any credit qualifications, credit challenges or any other incident or request of any nature formulated for the same purpose, provided that they are submitted after the legal deadlines referred to in articles 7, paragraphs 1 and 2, and 8 of the LFR, pursuant to the provisions of article 10 of the LFR, which may be restructured by this Plan, under the terms of the LFR, as Secured Credits, Intercompany Credits, ME/EPP Credits, Unsecured Credits or Labor Credits, as applicable. --------

------------------------------------------------------------

1.1.19. "Labor Credits": are those Credits and rights derived from labor legislation or arising from an accident at work, pursuant to Articles 41, item I, and 83, item I, of the LFR, which maintain their alimony character on the Date of Judicial Confirmation of the Plan. ----------------

------------------------------------------------------------

1.1.20. "Creditors" are the natural or legal persons holding Credits, whether or not they are subject to the effects of the Plan, whether or not they are listed on the List of Creditors. ------------------------------------------

------------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 185

1.1.21. "Secured Creditors": are the holders of Secured Credits. --------------------------------------------------
----------------------------------------------------------

1.1.22. "Bankruptcy Creditors" are the holders of Bankruptcy Credits. ----------------------------------------
----------------------------------------------------------

1.1.23. "Non-bankruptcy Creditors" are the holders of Non-bankruptcy Credits. ------------------------------------
----------------------------------------------------------

1.1.24. 'ME/EPP Creditors' are the holders of ME/EPP Credits. ---------------------------------------------------
----------------------------------------------------------

1.1.25. "Unsecured Creditors" are the holders of Unsecured Credits. ---------------------------------------------------
----------------------------------------------------------

1.1.26. "Late Creditors" are the holders of late Credits. -
----------------------------------------------------------

1.1.27. "Labor Creditors" are the holders of Labor Credits. ---------------------------------------------------
----------------------------------------------------------

1.1.28. "Date of Judicial Confirmation of the Plan": is the date on which the decision of Judicial Confirmation of the Plan issued by the Reorganization Court is published in the Diário de Justiça Eletrônio do Estado de São Paulo. ----------------------------------------------------------

1.1.29. "Date of Filing": is June 17, 2019, the date on which the request for court-supervised reorganization of the Companies under Reorganization was filed. -------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 186

------------------------------------------------------------

1.1.30. "<u>Consecutive Day</u>" is any day of the month, so that periods counted in Consecutive Days are not suspended or interrupted. ---------------------------------------------

------------------------------------------------------------

1.1.31. "<u>Business Day</u>": any day other than Saturday, Sunday or holiday in the City of São Paulo, State of São Paulo; furthermore, it shall not be a Business Day any day on which, for any reason, there is no banking day in the City of São Paulo, State of São Paulo. Exclusively for acts that must be performed in other districts, "Business Day" also means any day that, cumulatively, is not a Saturday, Sunday or holiday in the respective location, in the City of São Paulo, State of São Paulo, or any day on which, for any reason, there is no bank office, in the City of São Paulo, State of São Paulo. --------------------

------------------------------------------------------------

1.1.32. "<u>ODBIC</u>" has the meaning ascribed to it in the preamble. ------------------------------------------------

------------------------------------------------------------

1.1.33. "<u>In Rem Guarantees</u>": are the guarantee rights (e.g. pledge and mortgage, in accordance with Title X of the Civil Code) under this Plan and/or Article 41, II of the LFR, which guarantee the Secured Credits. -------------

------------------------------------------------------------

1.1.34. "<u>Odebrecht Group</u>" has the meaning ascribed to it in recital (i). --------------------------------------------

------------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 187

1.1.35. "<u>Judicial Confirmation of the Plan</u>": is the judicial decision rendered by the Court-supervised Reorganization Court that confirms the Plan and, consequently, grants the Court-supervised Reorganization, pursuant to article 58, *caput* and/or §1 of the LFR. ------- ----------------------------------------------------------

1.1.36. "<u>IPCA</u>": is the National Wide Consumer Price Index calculated monthly by the Brazilian Institute of Geography and Statistics (IBGE). In the absence of verification and/or disclosure of the index number for a period longer than five (5) Business Days after the expected date of its disclosure, or in the event of its extinction or by legal imposition or judicial determination, the IPCA shall be replaced by the index that economically reflects its quality or, in its absence, the last index disclosed. ----- ----------------------------------------------------------

1.1.37. "<u>Court Supervised Reorganization Court</u>":is the 1st Circuit Court of Bankruptcy and Court-Supervised Reorganization of the Central Civil Jurisdiction District of São Paulo, State of São Paulo. ------------------------ ----------------------------------------------------------

1.1.38. "<u>Reports</u>" are, collectively, the economic feasibility report and the economic-financial report, prepared pursuant to article 53, clauses II and III, respectively, of the LFR, included in **Annex 1.1.81 (a)** and **(b)** of this Plan. ---------------------------------------- ----------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

p. 188

1.1.39. "<u>Corporation Law</u>": is Federal Law No. 6404 dated of December 15, 1976. ------------------------------------

------------------------------------------------------------

1.1.40. "<u>LFR</u>" has the meaning ascribed to in the preamble.

------------------------------------------------------------

1.1.41. "<u>List of Creditors</u>" is the list of Creditors of the Company under Reorganization prepared by the Judicial Administrator, as amended by final unappealable judicial decision recognizing new Bankruptcy Credits or changing the legitimacy, classification or value of already recognized Bankruptcy Credits. ---------------------------

------------------------------------------------------------

1.1.42. "<u>ODB</u>": is Odebrecht S.A. - Em Recuperação Judicial, a joint stock company, headquartered in the municipality of Salvador, State of Bahia, at Avenida Luis Viana, 2841, Ed. Odebrecht, Paralela, Postal Code [CEP] 41.730-900, taxpayer identification number CNPJ/ME 05.144.757/0001-72. ---------------------------------------

------------------------------------------------------------

1.1.43. "<u>Plan</u>" has the meaning ascribed to it in the preamble. --------------------------------------------------

------------------------------------------------------------

1.1.44. "<u>Court Supervised Reorganization</u>" has the meaning ascribed to it in the preamble. ---------------------------

------------------------------------------------------------

1.1.45. "<u>Company under Reorganization</u>" has the meaning ascribed to it in the preamble. ---------------------------

------------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 189

1.1.46. "<u>Petitioners</u>": means, jointly, **(1) Kieppe Participações e Administração Ltda. - Em Recuperação Judicial**, a limited liability company, headquartered in the municipality of Salvador, State of Bahia, at Avenida Tancredo Neves, n° 1672, Edifício Catabas Empresarial, 5° andar, sala 501, Caminho das Árvores, Postal Code [CEP] 41.820-020, taxpayer identification number CNPJ/ME 04.215.837/0001-09; **(2) ODBINV S.A. – Em Recuperação Judicial**, a joint stock company, headquartered in the municipality of Salvador, State of Bahia, at Avenida Luís Viana, n° 2841, Ed. Odebrecht, Paralela, Postal Code [CEP] 41.730-900, taxpayer identification number CNPJ/ME 15.105.588/0001-15; **(3) ODB**; **(4) Odebrecht Serviços e Participações S.A. - Em Recuperação Judicial**, joint-stock company, headquartered in the City of São Paulo, State of São Paulo, at Rua Lemos Monteiro, n° 120, 9° andar, parte E, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME10.904.193/0001-69; **(5) OSP Investimentos S.A. - Em Recuperação Judicial**, a joint-stock company, headquartered in the City of São Paulo, State of São Paulo, at Rua Lemos Monteiro, n° 120, 9° andar, parte I, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 22.606.673/0001-22; **(6) OPI S.A. – Em Recuperação Judicial**, a joint-stock company, headquartered in the City of São Paulo, State of São Paulo, at Rua Lemos Monteiro, n° 120, 14° andar, parte A, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 17.337.615/0001-00; **(7) Odebrecht Participações e**





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 190

**Investimentos S.A. - Em Recuperação Judicial**, a joint stock company, headquartered in the municipality of São Paulo, State of São Paulo, at Rua Lemos Monteiro, n° 120, 12° andar, parte C, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 07.668.258/0001-00; **(8) Odebrecht Finance Limited**, an existing company incorporated under the laws of the Cayman Islands, with its headquarters at George Town, Grand Cayman, Cayman Islands at South Church Street, PO Box 309GT, Ugland House, registered under number 181323; **(9) Odebrecht Energia Investimentos S.A. - Em Recuperação Judicial**, a joint stock company, headquartered in the municipality of São Paulo, State of São Paulo, at Rua Lemos Monteiro, n° 120, 14° andar, parte L, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME20.541.146/0001-51; **(10) Odebrecht Energia S.A. - Em Recuperação Judicial**, a joint-stock company, headquartered in the municipality of São Paulo, State of São Paulo, at Rua Lemos Monteiro, 120, 7° andar, parte B, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 13.079.757/0001-64; **(11) Odebrecht Energia Participações S.A. - Em Recuperação Judicial**, joint stock company, headquartered in the city of São Paulo, state of São Paulo, at Rua Lemos Monteiro, n° 120, 7° andar, parte D, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 19.790.376/0001-75; **(12) Odebrecht Energia do Brasil S.A. - Em Recuperação Judicial**, joint-stock company, headquartered in the municipality of São Paulo, State of São Paulo, at Rua





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 191

Lemos Monteiro, n° 120, 11° andar, parte D, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 13.439.547/0001-30; **(13) Odebrecht Participações e Engenharia S.A. - Em Recuperação Judicial,** joint-stock company, headquartered in the municipality of Salvador, State of Bahia, at Avenida Luis Viana, n° 2841, Ed. Odebrecht, Sala Enseada, Paralela, Postal Code [CEP] 41.730-900, taxpayer identification number CNPJ/ME 17.851.495/0001-65; **(14) Edifício Odebrecht RJ S.A. - Em Recuperação Judicial,** a joint-stock company, headquartered in the city of Rio de Janeiro, state of Rio de Janeiro, at Avenida Cidade de Lima, No. 86, Santo Cristo, Postal Code [CEP] 20.220-710, taxpayer identification number CNPJ/ME 19.432.176/0001-40; **(15) Odebrecht Properties Investimentos S.A. - Em Recuperação Judicial,** a joint stock company, headquartered in the municipality of São Paulo, State of São Paulo, at Rua Lemos Monteiro, 120, 14° andar, parte H, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 21.264.618/0001-39; **(16) Odebrecht Properties Parcerias S.A. - Em Recuperação Judicial,** a joint-stock company, headquartered in the City of São Paulo, State of São Paulo, at Rua Lemos Monteiro, n° 120, 14° andar, parte B, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 16.584.908/0001-20; **(17) OP Centro Administrativo S.A. - Em Recuperação Judicial,** joint-stock company, headquartered in Brasília, Federal District, at Rua 210, Quadra 01, Lote 34 TR 3, sala 1010 C, Areal (Águas Claras), Postal Code [CEP]





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 192

71950-770, taxpayer identification number CNPJ/ME 19.128.923/0001-51; and **(18) OP Gestão de Propriedades S.A. - Em Recuperação Judicial**, joint-stock company, headquartered in the City of São Paulo, State of São Paulo, at Rua Lemos Monteiro, nº 120, 14º andar, parte E, Postal Code [CEP] 05.501-050, taxpayer identification number CNPJ/ME 20.620.396/0001-87; and **(19) Mectron - Engenharia, Indústria e Comércio S.A. - Em Recuperação Judicial**, a joint-stock company, with its headquarters in the city of São José dos Campos, state of São Paulo, at Avenida Brigadeiro Faria Lima, 1389, Parque Martim Cererê, E 1399, Postal Code [CEP] 12227-000, taxpayer identification number CNPJ/ME 65.481.012/0001-20. ---------
-----------------------------------------------------------
1.1.47. "Original Term of the Stay Period": is December 16, 2019, the date when is ended the period provided for in art. 6, §4 of the LFR. --------------------------------
-----------------------------------------------------------
1.1.48. "TR": is the reference rate established by Act 8,177/1991, as ascertained and disclosed by the Central Bank of Brazil, whose proceeds, when expressly provided in this Plan, shall be added to the balance of the par value of the Credit for purposes of calculation of the monetary value of the obligations set forth in this Plan, which shall be due on the dates of payment of the amortization tranche of the referred obligations. In case of temporary unavailability of the TR, the last index number disclosed, calculated *pro rata temporis* by Business Days, shall be





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

used instead, however, no financial compensation shall apply upon disclosure of the proper index number. In the absence of ascertainment and/or disclosure of the index number for a period longer than five (5) Business Days after the expected date of its disclosure, or even in the event of its extinction or by legal imposition or judicial determination, the TR shall be replaced by the simple average of the TR rate verified in the twelve (12) months prior to the Date of Confirmation of the Plan, calculated *pro rata temporis* per Business Days. ----------------------

1.1.49. '<u>UPI</u>' is the Isolated Production Unit pursuant to article 60 of LFR, which may be comprised of goods and/or rights. --------------------------------------------------

**1.2. Clauses and Annexes.** Unless otherwise specified, all Clauses and Annexes mentioned in this Plan refer to Clauses and Annexes to this Plan. References to Clauses, sub-clauses or items in this Plan also refer to their respective sub-clauses or items. The Annexes are included and are an integral part of the Plan for all legal purposes. ---------------------------------------------

**1.3. Titles.** The titles of the Chapters, Clauses, sub-clauses and items in this Plan have been included solely for reference and should not affect their interpretation or the content of their provisions. -----------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 194

**1.4. References.** References to any documents or instruments include all respective amendments, consolidations and complementation, unless otherwise expressly provided. Whenever applicable, references to Company under Reorganization should be interpreted as being the legal entities that succeed it in its obligations due to corporate operations contemplated or permitted under this Plan, and any others that are necessary for the resizing and increase of the organizational efficiency and cost reduction of Odebrecht Group. ---------------------------------------------------
-----------------------------------------------------------

**1.5. Legal provisions.** References to legal provisions and laws shall be interpreted as references to such provisions as are in force on or as of a date specifically determined by context. -----------------------------------------------
-----------------------------------------------------------

**1.6. Deadlines.** All periods provided for in this Plan shall be counted in the manner provided for in Article 132 of the Civil Code, ignoring the day of commencement and including the day of expiration. Any terms of this Plan (whether counted in Business Days or not) whose initial or final term falls on a day that is not a Business Day, will automatically be extended to the immediately following Business Day. ---------------------------------------------
-----------------------------------------------------------

**1.7. Non-Bankruptcy Credits.** Nothing in this Plan shall be construed or considered as a cause for (i) novation of





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 195

**Non-Bankruptcy Credits** or (ii) alteration, modification or waiver of any obligations of the Company under Reorganization or the rights of any Non-Bankrupcty Creditors in respect of Non-Bankruptcy Credits, including, without limitation, any guarantees provided under such Non-Bankruptcy Credits or acknowledgments provided by the Company under Reorganization. ----------------------------- -------------------------------------------------------------

**1.8. Conflict.** In case of conflict between the provisions of this Plan and its Annexes, the terms and conditions set forth in the Plan shall prevail. -------------------------- -------------------------------------------------------------

**2. PRIMARY MEANS OF REORGANIZATION** ------------------------ -------------------------------------------------------------

**2.1. Overview.** The Company under Reorganization proposes the adoption of the measures indicated in Clauses 2.2 and 2.3 below, as a way to overcome its current and momentary economic-financial crisis and to continue its activities. - -------------------------------------------------------------

**2.2. Debt Restructuring.** The Company under Reorganization will restructure the debts contracted with the Bankruptcy Creditors, as detailed in **Clause 3** below. ----------------- -------------------------------------------------------------

**2.3. Disposale of Assets and Constitution of UPIs.** The Company under Reorganization is authorized from now on to dispose of, sell, lease, give in payment, remove, encumber or offer in guarantee, including judicial guarantee, assets and/or rights that are part of its current assets,





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 196

as well as assets and/or rights that are part of its non-current assets, observing in all cases the terms, conditions and restrictions described in Clause 4, and also the net resources obtained with possible sales, including that of litigious assets, present or future, national or foreign, shall be used as established in this Plan. --------------------------------------------------------

**2.4. Corporate Reorganization.** The Company under Reorganization is authorized to carry out corporate reorganization operations, including those necessary to implement this Plan, including mergers, incorporations, share incorporations, spin-offs and transformations, or promote asset transfers within Odebrecht Group, subject to the terms and conditions of Clause 5.1. --------------------

**3. PAYMENT OF CREDITORS** ------------------------------------

**3.1. Labor credits.** Labor Creditors shall have their Labor Credits paid fully in cash, in 2 (two) installments of equal value, with the first installment due on the 30th (thirtieth) Consecutive Day counted from the Date of Judicial Confirmation of the Plan and the second due on the 60th (sixtieth) Consecutive Day counted from the Date of Judicial Confirmation of the Plan. ---------------------

3.1.1. <u>Interest and Indexation</u>. Interest and indexation on the respective Labor Credit, corresponding to the IPCA





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

from the Date of Filing until the implementation of the payment foreseen in Clause 3.1 above. ---------------------

3.1.2. <u>Late Labor Credits</u>. Late Labor Credits shall be paid in the manner described in Clause 3.1, with payments due on the 30th (thirtieth) Consecutive Day and on the 60th (sixtieth) Consecutive Day from the date of the final decision determining the inclusion of the said Labor Credit in the List of Creditors. --------------------------

**3.2. Secured Credits.** The Secured Creditors will maintain the original conditions of their Secured Credits and the Company under Reorganization and the Secured Creditors are already allowed to agree on the donation of assets given as In Rem Guarantees for the payment of the respective Secured Credits. -------------------------------------------

3.2.1. <u>Late Secured Credits</u> Secured Credits that are Late Credits shall be paid as described in Clause 3.2 above. ---

**3.3. Unsecured Credits.** The Unsecured Creditors will have their Unsecured Credits restructured and paid in cash, up to a limit of US$ 400,000.00 (four hundred thousand U.S. dollars), in two (2) installments of equal value, the first due on the 30th (thirtieth) Consecutive Day from the Date of Judicial Confirmation of the Plan and the second due on the 60th (sixtieth) Consecutive Day from the Date of Judicial Confirmation of the Plan. ---------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

----------------------------------------------------------

3.3.1. <u>Interest and Indexation</u>. Interest and indexation shall be levied on the respective amount of Unsecured Credits and on the limit of US$ 400,000.00 (four hundred thousand U.S. dollars), provided for in Clause 3.3 above, corresponding to the TR from the Date of Filing until the date of actual payment. -----------------------------------

----------------------------------------------------------

3.3.2. <u>Novation</u>. The Unsecured Credits will be novated to correspond to US$ 400,000.00 (four hundred thousand U.S. dollars), with interest and indexation provided for in Clause 3.3.1 above, if the amount of the Unsecured Credit of the respective Bankruptcy Creditor is higher than US$ 400,000.00 (four hundred thousand U.S. dollars). ----------

----------------------------------------------------------

3.3.3. <u>Release</u>. The respective payment now foreseen necessarily implies a broad general and unrestricted discharge of the Unsecured Credit. ------------------------

----------------------------------------------------------

3.3.4. <u>Late Unsecured Credits.</u> The Unsecured Credits that are Late Credits shall be paid as described in Clauses 3.3 and 3.3.1, and the payments provided in Clause 3.3 shall be due on the 30th (thirtieth) Consecutive Day and on the 60th (sixtieth) Consecutive Day counting from the date of the final decision determining the inclusion of the Unsecured Credits in the List of Creditors. ---------------

----------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

p. 199

**3.4. ME/EPP credits.** The ME/EPP Creditors will have their ME/EPP Credits restructured and paid in national monetary resources, up to the limit of R$ 500.00 (five hundred reais), in cash, in two (2) installments of equal value, the first due on the 30th (thirtieth) Consecutive Day counted from the Date of Judicial Confirmation of the Plan and the second due on the 60th (sixtieth) Consecutive Day counted from the Date of Judicial Confirmation of the Plan. ------------------------------------------------------

------------------------------------------------------------

3.4.1. <u>Interest and Indexation</u>. Interest and indexation shall be levied on the respective amount of ME/EPP Credits and on the limit of R$ 500.00 (five hundred reais), set forth in Clause 3.4 above, corresponding to the TR from the Date of Filing until the date of the effective payment. --------------------------------------------------

3.4.2. <u>Novation</u>. The ME/EPP Credits shall be novated to correspond to R$ 500.00 (five hundred Reais), with interest and indexation as provided for in Clause 3.4.1 above, should the amount of the ME/EPP Credit of the respective Creditor be higher than R$ 500.00 (five hundred Reais). --------------------------------------------------

------------------------------------------------------------

3.4.3. <u>Release</u>. The respective payment now envisaged necessarily implies a broad general and unrestricted discharge of the ME/EPP Credit. -------------------------

------------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

3.4.4. <u>ME/EPP Late Credit.</u> The ME/EPP Credits that are Late Credits shall be paid as described in Clauses 3.4.1 and 3.4.2, with the payments provided for in Clause 3.4 due on the 30th (thirtieth) Consecutive Day and the 60th (sixtieth) Consecutive Day from the date of the final decision determining the inclusion of said ME/EPP Credits in the List of Creditors. ---------------------------------
-----------------------------------------------------------

**3.5. Illiquid Credits.** All Illiquid Credits, including those still subject to Judicial Claims and/or Arbitration Proceedings, which are treated in this Plan as Illiquid Credits, are fully subject to the terms and conditions of this Plan and to the effects of Court Supervised Reorganization, pursuant to article 49 of the LFR. Once materialized and recognized by final and unappealable court decision, the Illiquid Credits will be paid according to the treatment assigned to the late Credits under the terms of this Plan and in the class corresponding to the relevant illiquid Credit. ------------
-----------------------------------------------------------

**3.6. Intercompany Credits.** Intercompany Credits may be converted into capital stock, paid in a manner subordinated to the compliance with the obligations set forth in this Plan, or objects of compensation, pursuant to article 368 and following of the Civil Code, as the case may be and in accordance with the applicable legislation, with due regard for the provisions of Clause 6.3. The parties may, in due course, agree on alternative





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 201

forms of extinction of such Intercompany Credits, always observing the applicable procedures and legislation and the provisions of this Plan. ------------------------------

--------------------------------------------------------

**3.7. General Provisions for the Payment of Bankruptcy Credits** -----------------------------------------------------

--------------------------------------------------------

3.7.1. <u>Credit Reclassification</u>. In the event of Bankruptcy Credits indicated in the List of Creditors on which, in the Court Confirmation of the Plan, there is an objection to a Creditor's Creditor regarding its reclassification still pending a final court decision, the respective Bankruptcy Creditor is subject to the terms and conditions of payment applicable to the class in which its Credit is assigned in the Court Confirmation of the Plan up to the date of the certificate of final court decision determining its reclassification, being understood that the Creditor shall take all measures before the Company under Reorganization to promote the change of the terms and conditions of payment of its Credits in accordance with its new class. If the reclassification of the Credit is subsequently recognized and involves a change in the terms and conditions of payment already applied: (i) in the event that such change represents an increase in the amounts to be paid, the balance increased by the respective Credit shall be considered a Late Credit for payment purposes, it being certain that the reclassified Credits shall not be entitled to payments that have





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 202

already been made to the classes to which they have been reassigned as a result of the reclassification, or (ii) in the event that such change represents a decrease in the amounts to be paid or the delivery of other means of reorganization, the Bankruptcy Creditor shall return to the Company under Reorganization the amounts that have already been paid and that exceed the amount of its Credit, as rectified. ------------------------------------ -----------------------------------------------------------

3.7.1.1. <u>Increase in Credits.</u> In the event of any increase in the amount of any Credit resulting from a final court decision or agreement between the parties, the amount corresponding to the difference between the Credit resulting from a final court decision or agreement between the parties and the amount recognized in the List of Creditors shall be paid as provided for in this Plan for the Late Credits of each class. In this case, the rules for payment of the increased amount of such credits, in particular as regards the incidence of interest, shall apply only as from the date of such final judgment or the date of conclusion of the agreement between the parties. -- -----------------------------------------------------------

3.7.1.2. <u>Reduction of Credits</u>. In the event of any reduction in the value of the Credits resulting from a final court decision or agreement between the parties, and the consequent rectification of the List of Creditors, the Bankruptcy Creditor holding the respective Bankruptcy Credit shall return to Company under Reorganization,



**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

within ten (10) Business Days of the said final decision or agreement between the parties, as the case may be, the amounts that have already been paid and that exceed the value of its Bankruptcy Credit, as rectified. -------------

--------------------------------------------------------------

3.7.1.3. <u>Notification</u>. For the purposes of this Clause, the Bankruptcy Creditor shall notify the Company under Reorganization, pursuant to Clause 7.3, to communicate the final court decision that has recognized the change in the Bankruptcy Credit already recognized in the Judicial Administrator's List of Creditors. ------------------------

--------------------------------------------------------------

3.7.2. <u>Date of Payment</u>. In the event that any payment or obligation under this Plan is expected to be made or fulfilled on a day that is not considered a Business Day, such payment or obligation shall be made or fulfilled, as the case may be, on the next Business Day. ----------------

--------------------------------------------------------------

3.7.3. <u>Payment Method</u>. As applicable, the amounts due under this Plan shall be paid through the direct transfer of funds to the bank account of the respective creditor, including the submission of payment orders or remittance abroad, by means of credit order document (DOC), or available electronic transfer (TED), or any other document that proves the transaction, and Company under Reorganization may hire a payment agent for this purpose. The voucher of deposit of the amount credited shall serve as proof of discharge of the respective payment. ----------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 204

----------------------------------------------------------

3.7.4. <u>Creditors' Bank Accounts</u>. As applicable, the Bankruptcy Creditors shall inform Company under Reorganization, in the contacts indicated and in the form of Clause 7.3, their respective bank accounts for this purpose. -------------------------------------------------

----------------------------------------------------------

3.7.4.1. <u>No indication of Bank Accounts</u>. Payments that are not made because the Bankruptcy Creditors did not inform their bank accounts or provided such information mistakenly or incompletely shall not be considered a breach of the Plan. There shall not be interest or late payment charges if the payments have not been made due to the failure of the Bankruptcy Creditors to timely and correctly inform their bank details for deposit. ----------

----------------------------------------------------------

3.7.5. <u>Alteration of the Bankruptcy Credit Holder</u>. In the event of any change in ownership of a specific Bankruptcy Credit, whether by assignment, succession, subrogation or any other form admitted, during the term and enforcement of this Plan, the respective assignee, successor or creditor by subrogation shall be responsible for adopting the necessary measures for recognition of their ownership of the Bankruptcy Credit in question and for rectification of the List of Creditors, and shall notify the Company under Reorganization and, until Court Supervised Reorganization is terminated, also notify the Court Supervised Reorganization Court and the Judicial





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

p. 205

Administrator, pursuant to Clause 7.3. In any event, the change in ownership of the Bankruptcy Credit shall not affect payments that may have been made to the original Bankruptcy Creditor. -------------------------------------

3.7.6. <u>Compensation</u> The Company under Reorganization is authorized to offset credits, under the terms of article 368 et seq. of the Civil Code, in the cases where Company under Reorganization and its Bankruptcy Creditors have reciprocal obligations of credits and debits, provided that they are previously and expressly authorized by the respective Bankruptcy Creditors. For the avoidance of doubt, any balance remaining after the compensation provided for in this Clause shall receive the treatment granted to the nature of the respective Credit, in accordance with this Plan. --------------------------------

3.7.7. <u>Costs and Taxes.</u> Financial obligations under this Plan and all payments to be made by Company under Reorganization under this Plan shall be met and paid net of any present and future taxes, duties, charges, fees or other charges of any nature. ------------------------------

**3.8. Non-Bankruptcy Credits.** It should be noted that the Non-Bankruptcy Credits are not subject to and will not be novated by virtue of the approval of this Plan, being understood that its restructuring will depend on bilateral negotiations with Non-Bankruptcy Creditors, and that





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 206

nothing in this Plan may disregard or modify in any way the fiduciary guarantees granted in favor of the Non-Bankruptcy Creditors. ------------------------------------ ------------------------------------------------------------ ------------------------------------------------------------

**4. DISPOSAL AND/OR ENCUMBRANCE OF ASSETS** ------------------ ------------------------------------------------------------

**4.1. Disposal of current assets.** The Company under Reorganization may dispose of, sell, rent, lease, give in payment, remove, encumber or offer as guarantee, including judicial guarantee, observing market parameters, any assets and/or rights that are part of its current assets without the need for additional authorization or report to the Reorganization Court and/or of the Bankruptcy Creditors, always observing rights and prerogatives contractually assured to third parties, Secured Creditors, Non-Bankruptcy Creditors or before public authorities over the assets, as well as the limits established in the applicable law and in this Plan, (i) provided that the asset is not encumbered; or (ii) if encumbered, provided that the transaction is authorized by the respective Creditor, as applicable. --------------------------------- ------------------------------------------------------------

**4.2. Disposal of non-current assets**. The Company under Reorganization is authorized to sell, rent, lease, give in payment, remove, encumber or offer in guarantee, including judicial guarantee, observing market parameters, for the benefit of any party, always observing rights and





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 207

prerogatives contractually assured to third parties, Secured Creditors, Non-Bankruptcy Creditors or before public authorities on the assets, as well as the limits established in the applicable law and in this Plan: -------
------------------------------------------------------------
(i) any of the assets that are part of its non-current assets, in any manner, including by means of disposal of UPIs, pursuant to Clause 4.3 below, (i.a.) provided that the asset is not encumbered; or (i.b.) if encumbered, provided that the transaction is authorized by the respective Non-Bankruptcy Creditor or Secured Creditor, as applicable; and ------------------------------------------
------------------------------------------------------------
(ii) any of the assets that are part of its non-current assets, provided that the book value net of depreciation of such assets, considered individually and in aggregate within the same fiscal year, is less than or equal to R$ 50,000,000.00 (fifty million reais) in each fiscal year and, further, (ii.a.) provided that the asset is not encumbered; or (ii.b.) if encumbered, provided that the transaction is authorized by the respective Non-Bankruptcy Creditor or Secured Creditor, as applicable. --------------
------------------------------------------------------------
**4.3. Change of UPIs.** The change of UPIs, except for the rules provided for in this Plan, will be carried out observing the arts. 60 and 142 of the LFR, or by direct sale, under the general terms and conditions defined by the Company under Reorganization. -------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish – Portuguese

---

4.3.1. <u>No Succession.</u> In view of the fact that the disposal of UPIs will comply with the provisions of articles 60 and 142 of the LFR, under no circumstances will there be any succession of the purchaser for any debts and obligations of Company under Reorganization, including those of a tax and labor nature. The absence of succession should be recognized by the Court Supervised Reorganization Court. ------------------------------------

---

**5. CORPORATE STRUCTURE AND REORGANIZATION** -----------------

---

**5.1. Reorganization.** The Company under Reorganization is authorized to carry out corporate reorganization operations, including those necessary to implement this Plan, as well as mergers, incorporations, stock splits and transformations, or carry out asset transfers within Odebrecht Group, provided that it does not prejudice any rights and obligations contracted by the Company under Reorganization with its Creditors. ------------------------

---

**6. EFFECTS OF THE PLAN** -------------------------------------

---

**6.1. Binding Effects of the Plan.** The provisions of the Plan bind the Company under Reorganization and the Bankruptcy Creditors, and their respective assignees and successors at any title, as well as creditors that become Bankruptcy Creditors of the Company under Reorganization





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 209

by virtue of incidental, subsidiary or joint liability, by force of law or judicial, administrative or arbitral decision, provided that the triggering event of such Bankruptcy Credit is prior to the filing of this Court Supervised Reorganization, as of the <u>Date of Judicial Confirmation of the Plan</u>. --------------------------------

**6.2. Novation.** The Court Confirmation of the Plan will imply the novation of the Bankruptcy Credits, under the terms of art. 59 of the LFR, which will be paid according to the terms and conditions established in this Plan. Unless otherwise provided for in this Plan, the in rem and fiduciary guarantees of the Bankruptcy Credits are maintained. -----------------------------------------------

**6.3. Remittance of Resources.** Observing the need for cash and the applicable corporate rules, the Company under Reorganization is authorized to carry out any type of financial transaction, but not limited to the contribution of resources and execution of loans, for its Controlled subsidiaries and Affiliates. -----------------------------

**6.4. Assignment of Credits.** After approval of the Plan, the Bankruptcy Creditors may assign their Credits to other Bankruptcy Creditors or to third parties, and the assignment shall be notified to the Company under Reorganization and to the Judicial Administrator pursuant to Clause 7.3. Notification to the Judicial Administrator





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 210

and the Court Supervised Reorganization Court shall only be required until the Court Supervised Reorganization has been completed. The Bankruptcy Credits assigned will be paid in accordance with the conditions foreseen in the Plan. -------------------------------------------------------

**6.5. Reconstitution of Rights.** If the Court Supervised Reorganization is turned into bankruptcy within the term of supervision in art. 61 of the LFR, the Bankruptcy Creditors will have reconstituted their rights and guarantees under the conditions originally contracted, minus any amounts paid and subject to the acts validly practiced within the scope of Court Supervised Reorganization, in compliance with the provisions of articles. 61, §2, and 74 of the LFR. ----------------------

**6.6. Discharge.** The fulfillment of the payment obligations according to the terms and conditions established in this Plan will automatically and independently of any additional formality, broad, general and unrestricted discharge of all Bankruptcy Credits against the Company under Reorganization and its directors, agents, employees and representatives. --------------------------------------

**6.7. Winding Up of Claims.** By virtue of the novation of the Bankruptcy Credits arising from the Plan's Judicial Confirmation, and while this Plan is being complied with by the Company under Reorganization, the Bankruptcy





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 211

Creditors shall not, by virtue of the Court Confirmation of the Plan, (i) file or proceed with any and all actions and/or judicial execution or proceedings of any nature related to any Bankruptcy Credits against Company under Reorganization; (ii) enforce any judgment, court order or arbitral award related to any Bankruptcy Credits against Company under Reorganization; (iii) pledge or encumber any assets of Company under Reorganization to satisfy its Bankruptcy Credits or perform against them any other constructive act for the satisfaction of Bankruptcy Credits; (iv) create, perfect or execute any in rem guarantee over assets and rights of Company under Reorganization to ensure the payment of its Bankruptcy Credits; and (v) seek the satisfaction of its Bankruptcy Credits by any other means against Company under Reorganization. As of the Date of Court Confirmation of the Plan, any and all execution proceedings, of any nature whatsoever, related to any Bankruptcy Credit against the Company under Reorganization shall be completely extinguished or, if more than one person is a defendant in such action, exclusively in relation to the relevant Company under Reorganization, being certain that the existing liens and encumbrances on assets and rights of the Company under Reorganization shall be released, as well as the balance of any court blockages that may be effected in the said judicial actions. For the avoidance of doubt, nothing in this Clause prevents the rejection of





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 212

credits proceedings related to this Court Supervised Reorganization. ------------------------------------------

----------------------------------------------------------

**6.8. Formalization of Documents and Other Provisions**. The Company under Reorganization is irrevocably and irreversibly bound by this Plan to carry out all acts and sign all contracts and other documents that, in form and substance, are required or appropriate for the fulfillment and implementation of this Plan and related obligations. --

----------------------------------------------------------

**6.9. Amendments, changes or modifications to the Plan**. Amendments, changes or modifications to the Plan may be proposed at any time after the Court Confirmation of the Plan, provided that such amendments, alterations or modifications are accepted by the Company under Reorganization and approved at a Creditors' Meeting, under the LFR. Amendments to the Plan, provided they are approved under the terms of the LFR, shall bind all the Bankruptcy Creditors, regardless of their express agreement with subsequent additions. For calculation purposes, the Bankruptcy Credits shall be updated in the form of this Plan and discounted from the amounts already paid in any way in favor of the Bankruptcy Creditors, as the case may be. ------------------------------------------

----------------------------------------------------------

**7. GENERAL PROVISIONS** -------------------------------------

----------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 213

**7.1. Annexes.** All annexes to this Plan are incorporated into it and form an integral part of this Plan. In the event that there is any inconsistency between this Plan and any annex, the Plan shall prevail. -------------------- -----------------------------------------------------------

**7.2. Existing Contracts and Conflicts.** In the event of conflict between the provisions of this Plan and the obligations of the Company under Reorganization subject to Court Supervised Reorganization provided for in the contracts entered into with any Contributory Creditor prior to the Date of Filing, this Plan shall prevail. ----- -----------------------------------------------------------

**7.3. Communications.** All notices, requests, orders and other notifications to the Company under Reorganization, required or permitted by this Plan, in order to be effective, shall be made in writing and shall be deemed to have been made when sent (i) by registered mail, with notice of receipt, or courier; or (ii) by e-mail when effectively delivered, the notice of reading being valid as proof of delivery and receipt of the message, the Company under Reorganization undertakes to check its messages periodically. All communications should be sent to the following addresses, unless there is a change duly communicated to the Bankruptcy Creditors: ----------------- -----------------------------------------------------------

**To the Company under Reorganization:** ---------------------- Rua Lemos Monteiro, n° 120, 14° andar --------------------- Butantã, São Paulo/SP, Postal Code [CEP] 05501-050 --------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 214

A/C: Legal Department ------------------------------------

E-mail: rjodb@odebrecht.com -------------------------------

 -----------------------------------------------------------

**To the Judicial Administrator** -----------------------------

Rua Surubim, n° 577, 9° andar ----------------------------

Brooklyn Novo, São Paulo/SP, Postal Code [CEP] 04571-050 --

A/C: Eduardo Seixas and Luciana Gasques -------------------

E-mail: aj_odb@alvarezandmarsal.com -----------------------

 -----------------------------------------------------------

**7.4. Severability** In the event that any term or provision of this Plan is held to be invalid, void or unenforceable, the remainder of the terms and provisions of the Plan shall remain valid and effective. -------------------------

 -----------------------------------------------------------

**7.5. Credits in foreign currency.** Credits in foreign currency shall be kept in the original currency for all legal purposes, in accordance with the provisions of Article 50, Paragraph 2 of the LFR, and shall be settled in accordance with the provisions of this Plan. If necessary, the Bankruptcy Credits in foreign currency will be converted into Brazilian reais or U.S. dollars in accordance with the sale exchange rates available in the Information System of the Central Bank of Brazil (SISBACEN), on the Business Day immediately prior to the date of the act to be performed under this Plan. ----------

 -----------------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 215

**7.6. Termination of Court-Supervised Reorganization.** The Court Supervised Reorganization will be terminated under the terms of the articles. 61 and 63 of the LFR. ----------

----------------------------------------------------------

**7.7. Applicable Law.** The rights, duties and obligations arising from this Plan shall be governed, interpreted and executed in accordance with the laws in force in the Federative Republic of Brazil, even if there are Credits originated under the laws of another jurisdiction and without any rules or principles of private international law being applied. ----------------------------------------

----------------------------------------------------------

**7.8. Jurisdiction.** All disputes or controversies that arise or are related to this Plan shall be settled by the Reorganization Court. After the conclusion of the Court Supervised Reorganization, the controversies or disputes that arise or are related to this Plan will be solved by the District Court of São Paulo ----------------------------
São Paulo, March 31, 2020 ---------------------------------
*(Signatures pages of the Plan)* ----------------------------
*(Signature pages of the Court Supervised Reorganization Plan submitted by ODB International Corporation)* ----------

----------------------------------------------------------

| **Name** *(blank)* | **Name** *(blank)* |
|---|---|
| **Position** *(blank)* | **Position** *(blank)* |

----------------------------------------------------------



By: **ODB INTERNATIONAL CORPORATION** -------------------------

----------------------------------------------------------



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish – Portuguese

p. 216

ANNEXES TO THE PLAN --------------------------------------

 ------------------------------------------------------------

| Annex 1.1.36 (a) | Economic Feasibility Report |
|---|---|
| Annex 1.1.36 (b) | Economic and Financial Report |

 ------------------------------------------------------

HAVING NOTHING FURTHER TO TRANSLATE FROM THIS DOCUMENT, I
SIGN IT BY SETTING MY RIGHT HAND AND AFFIXING MY GOLDEN
SEAL AND OFFICIAL STAMP. ----------------------------------
PAULO FERNANDO SANTOS DE LACERDA, Ph.D --------------------
SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER PERMIT
#243 ------------------------------------------------------
April 17, 2020. ------------------------------------------



